IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

ROBERT SMITH, )
)
Plaintiff, )
)
v. ) Civil Action No.
)
)
ROSEBUD FARMSTAND, ROCKY MENDOZA,)
CARLOS CASTANEDA, PABLO VELASCO, )
ORLANDO ALARCON, LUIS ARAMBULA, )
MARCOS ROMERO, FREDERICO LOPEZ )
JOSÉ G MARTINEZ ) Honorable Judge
) Jury Demand
)
Defendants. )

**Complaint**

***Introduction***

1. The plaintiff sues Rosebud Farmstand for sexual harassment, racial harassment, constructive discharge and retaliation under Title VII, 42 USC §1981 and for acts under the Illinois Gender Violence Act, 740 ILCS 82/5.

2. The plaintiff sues Rocky Mendoza(shift manager), Carlos Castaneda(store manager), and coworkers, Pablo Velasco, Orlando Alarcon, Luis Arambula, Marcos Romero, Frederico Lopez and Jose G. Martinez(Chaleco) for sexual harassment, retaliation and/or racial harassment under 42 USC §1981 and the Illinois Gender Violence Act, 740 ILCS 82/5.

***EEOC's Determination of Substantial Evidence***

3. On or about 19 August 2011, the EEOC determined that reasonable cause existed that Rosebud Farmstand subjected the plaintiff to harassment and constructive discharge, violating Title VII.

***Exhausting Administrative Proceedings***

4. The plaintiff has satisfied all conditions precedent to the filing of his lawsuit. The EEOC's notice of right to sue of 26 September 2011 is attached.

***Jurisdiction and Venue***

5. This Court has jurisdiction under §706(f) (3) of Title VII of the Civil Rights Act of 1964, as amended [42 U.S.C. §2000e-5(f)(3)], under §§1331 and 1343 of the Judicial Code [28 U.S.C. §§1331 and 1343] and has supplemental jurisdiction under §1367 of the Judicial Code [28 U.S.C. §1367].

6. As the acts and/or omissions occurred in the Northern District of Illinois, Eastern Division, venue is proper by §1391(b) of the Judicial Code [28U.S.C. §1391(b)].

***Facts***

7. On or about 14 November 2003, the plaintiff began working for Rosebud Farmstand as a butcher in the defendant's meat department.

8. Before and after 2007, the defendant's male employees would touch the plaintiff's private parts.

9. Such employees include the defendant's managers, namely, Rocky Mandoza (assistant manager), Carlos Castaneda (manager).

10. Such employees also include the plaintiff's coworkers, namely, Pablo Velasco, Orlando Alarcon, Luis Arambula, Marcos Romero, Frederico Lopez and Jose G. Martinez(Chaleco).

11. The defendant's employees repeatedly grabbed and fondled the plaintiff's penis and testicles.

12. Also, the defendant's employees would grab and slap the plaintiff's buttocks.

13. The defendant's employees would say, niggers have big dicks and big asses.

14. Also, the defendant's employees would refer to the plaintiff as a nigger, monkey and an Ethiopian.

15. Moreover, the defendant's employees told the plaintiff to go back to Africa.

16. On several occasions, the plaintiff complained to manager Rocky and manager Carlos about the sexual harassment and racial harassment, but they did nothing to stop the continuing sexual harassment and racial harassment.

17. Indeed, manager Rocky Mendoza and manager Carlos Castaneda participated in harassing the plaintiff.

18. Also, on several occasions, the plaintiff requested that each of the defendant's employees harassing the plaintiff stop, but they continued nevertheless.

19. The plaintiff informed each of the defendant's employees that their harassment was disturbing to the plaintiff and did not want them to touch him.

20. However, the defendant's employees ignored the plaintiff and continued to harass him.

21. On a few occasions prior to 13 December 2007, the plaintiff had reminded manager Rocky Mendoza that manager Mendoza had approved the plaintiff to take the day off on 13 December 2007 for dental work.

22. On 15 December 2007, manager Carlos Castaneda and/or manager Rocky Mendoza suspended the plaintiff for nine days for failing to report to work on 13 December 2007.

23. On or about 23 December 2007, Rosebud Farmstand reduced the plaintiff's average hours of 34 hours per week to an average of 30 hours per week.

24. On or about 7 January 2008, the plaintiff executed a charge of discrimination with the Illinois Department of Human Rights and EEOC.

25. In 2008 after the plaintiff's EEOC charge of 7 January 2008, until the plaintiff terminated his employment in June 2008, the defendants would ignore the plaintiff, give him the cold shoulder, exclude him from meetings, scratch his car, slash his tires, expose meat knives threateningly and so forth.

26. In or about June 2008, the plaintiff terminated his employment because, effectively, Rosebud Farmstand constructively discharged the plaintiff by making his working conditions intolerable.

***Count I – Sexual Harassment***

27. The plaintiff re-alleges paragraphs 1-12, 16-20.

***Title VII***

28. At all times when defendant employed the plaintiff, Rosebud Farmstand was an “employer” within the definition of §701(b) of Title VII of the Civil Rights Act of 1964 [42 U.S.C. §2000 e(b)].

29. At all times when the plaintiff was employed by Rosebud Farmstand, the plaintiff was an “employee” within the definition of §701(f) of Title VII of the Civil Rights Act of 1964 [42 U.S.C. §2000e(f)].

***Sexual harassment***

30. Rosebud through its agents and by its actions and/or omission discriminated against the plaintiff based upon his sex in the terms and conditions of his employment.

***Damages***

31. As a proximate result of this discrimination, the plaintiff suffered damages, including, but not limited to, lost wages, lost employment benefits, suffered pain, loss of self-esteem, loss of enjoyment of life, worthlessness and suffered other damages.

32. Rosebud discriminated against the plaintiff with malice or reckless indifference to his federally protected rights.

33. To deter future malice or reckless indifference to the federally protected rights of employees by the defendant and other employers and to punish the defendant for their malice or reckless indifference to the plaintiff's federally protected rights, exemplary damages are appropriate.

Wherefore, the plaintiff prays that the court:

I) Will order the defendant to post appropriate notices regarding their legal duties to refrain from discriminating against employees based upon sex

II) Will enjoin the defendant from continuing to discriminate employees because of sex

III) Will reinstate the plaintiff to his position or a comparable position or, alternatively, pay for such position for a reasonable time thereafter

IV) Will order the defendant to pay prejudgment interest at the prevailing rate on the award of back pay, lost employment benefits and other compensation lost to the plaintiff because of the defendant's discrimination against him based upon his sex,

V) Will order the defendant to compensate the plaintiff for damages which he suffered resulting from the defendant discriminating against him because of his sex, including, but not limited to, humiliation, embarrassment, insult, loss of enjoyment of life, worthlessness, loss of self-esteem and emotional suffering,

VI) Order the defendant to pay punitive damages,

VII) Order the defendant to pay attorney's fees, expert witness fees, expenses and costs of this lawsuit and of any prior administrative action and

VIII) Order the defendant to pay or provide other relief as this Court deems just and appropriate.

***Count II Racial Harassment***

34. The plaintiff incorporates by reference ¶ 1-7, 13-20, 28, 29.

***35.*** Rosebud through its agents and by the actions and/or omission discriminated against the plaintiff based upon his race in the terms and conditions of his employment, violating Title VII of the Civil Rights Act of 1964 and/or for participating in a Charge of Discrimination before the EEOC.

36. The defendant's employees would harass racially the plaintiff.

37. Such employees include the defendant's managers, namely, Rocky Mandoza (assistant manager), Carlos Castaneda (manager).

38. Such employees also include the plaintiff's coworkers, namely, Pablo Velasco, Orlando Alarcon, Luis Arambula, Marcos Romero, Frederico Lopez and Jose G. Martinez(Chaleco).

***Damages***

39. As a proximate result of this discrimination, the plaintiff suffered damages, including, but not limited to, lost wages, lost employment benefits, suffered pain, loss of self-esteem, loss of enjoyment of life, worthlessness and suffered other damages.

40. Rosebud discriminated against the plaintiff with malice or reckless indifference to his federally protected rights.

41. To deter future malice or reckless indifference to the federally protected rights of employees by the defendant and other employers and to punish the defendant

for their malice or reckless indifference to the plaintiff's federally protected rights, exemplary damages are appropriate.

Wherefore, the plaintiff prays that the court:

I) Will order the defendant to post appropriate notices regarding their legal duties to refrain from discriminating against employees based upon race,

II) Will enjoin the defendant from continuing to discriminate employees because of race,

III) Will reinstate the plaintiff to his position or a comparable position or, alternatively, pay for such position for a reasonable time thereafter

IV) Will order the defendant to pay prejudgment interest at the prevailing rate on the award of back pay, lost employment benefits and other compensation lost to the plaintiff because of the defendant's discrimination against him based upon his race,

V) Will order the defendant to compensate the plaintiff for damages which he suffered resulting from the defendant discriminating against him because of his race, including, but not limited to, humiliation, embarrassment, insult, loss of enjoyment of life, worthlessness, loss of self-esteem and emotional suffering,

VI) Order the defendant to pay punitive damages,

VII) Order the defendant to pay attorney's fees, expert witness fees, expenses and costs of this lawsuit and of any prior administrative action and

VIII) Order the defendant to pay or provide other relief as this Court deems just and appropriate.

**Count Retaliation III**

42. The plaintiff incorporates by reference ¶ 1-25, 28, 29.

***43.*** The defendant, by its acts and/or omissions, retaliated against the plaintiff for opposing sexual and racial harassment in the terms and conditions of his employment violating the Title VII of the Civil Rights Act of 1964 and/or for participating in a Charge of Discrimination before the EEOC.

***Damages***

44. As a proximate result of this retaliation, the plaintiff suffered damages.

45. The defendant retaliated against the plaintiff with malice or reckless indifference to his federally protected rights.

46. Deterring future malice or reckless indifference to the federally protected rights of employees by the defendant and other employers and to punish the defendant for their malice or reckless indifference to the federally protected rights of the plaintiff, exemplary damages are appropriate against the defendant.

Wherefore, the plaintiff prays that the court:

I) Will order the defendant to post appropriate notices regarding their legal duties to refrain from retaliating against employees exercising their rights,

II) Will enjoin the defendant from continuing to retaliate against employees exercising their rights,

III) Will reinstate the plaintiff to his position or a comparable position or, alternatively, pay for such position for a reasonable time thereafter

IV) Will order the defendant to pay prejudgment interest at the prevailing rate on the award of back pay, lost employment benefits and other compensation lost to the plaintiff because of the defendant's retaliation against the plaintiff for exercising his rights,

V) Will order the defendant to compensate the plaintiff for damages which he suffered resulting from the defendant retaliating against him, including, but not limited to, humiliation, embarrassment, insult, loss of enjoyment of life, worthlessness, loss of self-esteem and emotional suffering,

VI) Order the defendant to pay punitive damages,

VII) Order the defendant to pay attorney's fees, expert witness fees, expenses and costs of this lawsuit and of any prior administrative action and

VIII) Order the defendant to pay or provide other relief as this Court deems just and appropriate.

***Count IV Constructive Discharge***

47. The plaintiff incorporates by reference ¶ 1-26, 28, 29.

***48.*** Rosebud through its agents and by the actions and/or omission constructively discharged the plaintiff based upon his sex, race and in retaliation relating to the terms and conditions of his employment, violating Title VII of the Civil Rights Act of 1964 and/or for participating in a Charge of Discrimination before the EEOC.

***Damages***

49. As a proximate result of this retaliation, the plaintiff suffered damages.
50. The defendant retaliated against the plaintiff with malice or reckless indifference to his federally protected rights.
51. Deterring future malice or reckless indifference to the federally protected rights of employees by the defendant and other employers and to punish the defendant for their malice or reckless indifference to the federally protected rights of the plaintiff, exemplary damages are appropriate against the defendant.

Wherefore, the plaintiff prays that the court:

I) Will order the defendant to post appropriate notices regarding their legal duties to refrain from constructively discharging employees exercising their rights,

II) Will enjoin the defendant from continuing to constructively discharge employees exercising their rights,

III) Will reinstate the plaintiff to his position or a comparable position or, alternatively, pay for such position for a reasonable time thereafter

IV) Will order the defendant to pay prejudgment interest at the prevailing rate on the award of back pay, lost employment benefits and other compensation lost to the plaintiff because of the defendant's constructive discharge of the plaintiff for exercising his rights,

V) Will order the defendant to compensate the plaintiff for damages which he suffered resulting from the defendant retaliating against him, including, but not limited to, humiliation, embarrassment, insult, loss of enjoyment of life, worthlessness, loss of self-esteem and emotional suffering,

VI) Order the defendant to pay punitive damages,

VII) order the defendant to pay attorney's fees, expert witness fees, expenses and costs of this lawsuit and of any prior administrative action and

VIII) Order the defendant to pay or provide other relief as this Court deems just and appropriate.

***Count V– Illinois Gender Violence Act***

52. The plaintiff re-alleges paragraphs 1-12, 16-20.

53. Rosebud Farmstand through its employees committed acts against the plaintiff violating the Illinois Gender Violence Act.

54. Aside from Rosebud Farmstand, other defendants committed acts against the plaintiff violating the Illinois Gender Violence Act.

55. Such defendants are Rocky Mandoza (assistant manager), Carlos Castaneda (manager).

56. Also, such defendants include the plaintiff's coworkers, namely, Pablo Velasco, Orlando Alarcon, Luis Arambula, Marcos Romero, Frederico Lopez and Jose G. Martinez(Chaleco).

57. The defendant’s acts of violence or physical aggression were committed, at least in part, based upon the plaintiff’s sex.

58. The defendants subjected the plaintiff to physical intrusions or invasions of a sexual nature.

59. The defendants subjected the plaintiff to gender related violence as defined in Section 5 of the Gender Violence Act, 740 ILCS 82/5.

Wherefore, the plaintiff prays that this court will enter judgment favoring the plaintiff and against the defendants for:

I). An amount to fully and justly compensate him for the damages he suffered,

II). Exemplary damages,

III). Reasonable attorney's fees and the costs and expenses of this action, and

IV). Such other relief as this Court deems just and appropriate.

***Count VI: §1981 claims against all defendants,***

***60.*** The plaintiff incorporates by reference the previous allegations of the complaint, including, but not limited to, ¶ 1-7, 13-20.

***61.*** Rosebud through its agents and by the actions and/or omission discriminated against the plaintiff based upon his race in the terms and conditions of his employment, violating Title VII of the Civil Rights Act of 1964 and/or for participating in a Charge of Discrimination before the EEOC.

62. The defendant's employees would harass racially the plaintiff.

63. Rocky Mandoza (assistant manager), Carlos Castaneda (manager) would racially harassed the plaintiff.

64. Others would also racially harassed the plaintiff, including, Pablo Velasco, Orlando Alarcon, Luis Arambula, Marcos Romero, Frederico Lopez and Jose G. Martinez(Chaleco).

65. Aside from racially harassing the plaintiff, the defendants retaliated against the plaintiff for complaining against racial harassment, including, but not limited to, filing an administrative charge with the Illinois Department of Human Rights and/or the EEOC.

66. Because the defendants made the plaintiff's work environment intolerable, the defendants participated in or caused the plaintiff to be constructively discharged.

***Damages***

67. As a proximate result of this discrimination and retaliation, the plaintiff suffered damages, including, but not limited to, lost wages, lost employment benefits, suffered pain, loss of self-esteem, loss of enjoyment of life, worthlessness and suffered other damages.

68. The defendants discriminated and retaliated against the plaintiff with malice or reckless indifference to his federally protected rights.

69. To deter future malice or reckless indifference to the federally protected rights of employees by the defendant and other employers and to punish the defendants for their malice or reckless indifference to the plaintiff's federally protected rights, exemplary damages are appropriate.

Wherefore, the plaintiff prays that the court:

I) Will order the defendant to post appropriate notices regarding their legal duties to refrain from discriminating and retaliating against employees based upon race,

II) Will enjoin the defendant from continuing to discriminate and retaliating employees because of race,

III) Will reinstate the plaintiff to his position or a comparable position or, alternatively, pay for such position for a reasonable time thereafter

IV) Will order the defendant to pay prejudgment interest at the prevailing rate on the award of back pay, lost employment benefits and other compensation lost to the plaintiff

because of the defendant's discrimination and retaliation against him because of his race,

V) Will order the defendant to compensate the plaintiff for damages which he suffered resulting from the defendant discriminating against him because of his race, including, but not limited to, humiliation, embarrassment, insult, loss of enjoyment of life, worthlessness, loss of self-esteem and emotional suffering,

VI) Order the defendant to pay punitive damages,

VII) Order the defendant to pay attorney's fees, expert witness fees, expenses and costs of this lawsuit and of any prior administrative action and

VIII) Order the defendant to pay or provide other relief as this Court deems just and appropriate.

Respectfully submitted,

Joseph A. Longo

**LONGO AND ASSOCIATES LTD.**
Joseph A. Longo, Esq.
Attorney for Plaintiff
2100 West Haven
Mt. Prospect, IL 60056
(847) 640-9490
Longo-Associates@SBCglobal.net
Attorney No. 53635