**IN THE UNITED STATES DISTRICT COURT
FOR NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **ROBERT SMITH,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | No.  11 C 9147 |
| | ) | |
| **ROSEBUD FARMSTAND, ROCKY** | ) | **Judge Robert M. Dow, Jr.** |
| **MENDOZA, CARLOS CASTANEDA,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**AMENDED ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES**

Defendants, ROSEBUD FARMSTAND ("Rosebud"), Rocky Mendoza ("Mendoza") and Carlos Castaneda ("Castaneda") by and through its attorneys, KLEIN DUB & HOLLEB, LTD., submits its Amended Answer to Complaint and Affirmative Defenses to Plaintiffs' Complaint as follows:

**Introduction**

1.     The plaintiff sues Rosebud Farmstand for sexual harassment, racial harassment, constructive discharge and retaliation under Title VII, 42 USC §1981 and for acts under the Illinois Gender Violence Act, 740 ILCS 82/5.

**ANSWER:**

**Rosebud admits that Plaintiff has initiated a lawsuit against it purporting to state claims for sexual harassment, racial harassment, constructive discharge and retaliation under Title VII, 42 USC §1981 and for acts under the Illinois Gender Violence Act, 740 ILCS 82/5.  Rosebud denies that any of Plaintiff's claims are valid and has moved to dismiss all of Plaintiff's claims except the claim against Rosebud for alleged sexual harassment under Title VII, which Rosebud denies.**

2.     The plaintiff sues Rocky Mendoza (shift manager), Carlos Castaneda (store manager), and coworkers, Pablo Velasco, Orlando Alarcon, Luis Arambula, Marcos Romero, Frederico Lopez and Jose G. Martinez (Chaleco) for sexual harassment, retaliation and/or racial harassment under 42 USC §1981 and the Illinois Gender Violence Act, 740 ILCS 82/5.

**ANSWER:**

Defendants admit Plaintiff's original Complaint purports to state the claims referenced. The only individual Defendants still in the case are Mendoza and Castaneda. Defendants deny there is any basis for any of the claims against them and denies Plaintiff is entitled to any relief whatsoever.

**EEOC's Determination of Substantial Evidence**

3.      On or about 19 August 2011, the EEOC determined that reasonable cause existed that Rosebud Farmstand subjected the plaintiff to harassment and constructive discharge, violating Title VII.

**ANSWER:**

Rosebud denies the allegations in Paragraph 3 of the Complaint.

**Exhausting Administrative Proceedings.**

4.      The plaintiff has satisfied all conditions precedent to the filing of his lawsuit. The EEOC's notice of right to sue of 26 September 2011 is attached.

**ANSWER:**

Rosebud denies the allegations in Paragraph 4 of the Complaint.

**Jurisdiction and Venue**

5.      This Court has jurisdiction under §706(f)(3) of Title VII of the Civil rights Act of 1964, as amended [42 U.S.C. §2000e5(f)(3)], under §1331 and 1343 of the Judicial Code [28 U.S.C. §§1331 and 1343] and has supplemental jurisdiction under §1367 of the Judicial Code [28 U.S.C. §1367].

**ANSWER:**

Except to admit that this Court has jurisdiction under Title VII over Rosebud, Rosebud denies the remaining allegations in Paragraph 5 of the Complaint and denies Plaintiff is entitled to any relief whatsoever.

2

6.      As the acts and/or omissions occurred in the Northern District of Illinois, Eastern Division, venue is proper by §1391(b) of the Judicial Code [28 U.S.C. §1391(b)].

**ANSWER:**

**Except to admit that venue is proper in the Northern District of Illinois, Rosebud denies the remaining allegations in Paragraph 6 of the Complaint and denies Plaintiff is entitled to any relief whatsoever.**

**Facts**

7.      On or about 14 November 2003, the plaintiff began working for Rosebud Farmstand as a butcher in the defendant's meat department.

**ANSWER:**

**Rosebud admits the allegations in Paragraph 7 of the Complaint.**

8.      Before and after 2007, the defendant's male employees would touch the plaintiff's private parts.

**ANSWER:**

**Rosebud has no knowledge of the allegations in Paragraph 8 of the Complaint and therefore denies them.**

9.      Such employees include the defendant's managers, namely Rocky Mandoza (*sic*) (assistant manager), Carlos Castaneda (manager).

**ANSWER:**

**Rosebud admits Mendoza and Castaneda are Managers at Rosebud but denies the remaining allegations in Paragraph 9 of the Complaint to the extent they imply either of them touched Plaintiff's private parts.**

10.      Such employees also include the plaintiff's coworkers, namely, Pablo Velasco, Orlando Alarcon, Luis Arambula, Marcos Romero, Frederico Lopez and Jose G. Martinez (Chaleco).

**ANSWER:**

**Rosebud admits the individuals named are or were employees at Rosebud but has no knowledge of the allegations in Paragraph 10 of the Complaint and therefore denies them.**

11.      The defendant's employees repeatedly grabbed and fondled the plaintiff's penis and testicles.

**ANSWER:**

**Rosebud denies the allegations in Paragraph 11 of the Complaint.**

12.      Also, the Defendant's employees would grab and slap the plaintiff's buttocks.

**ANSWER:**

**Except to admit that Plaintiff and coworker(s) occasionally engaged in mutual horseplay, which included occasionally slapping each other's buttocks, Rosebud denies the remaining allegations in Paragraph 12 of the Complaint.**

13.      The defendant's employees would say, niggers have big dicks and big asses.

**ANSWER:**

**Rosebud denies the allegations in Paragraph 13 of the Complaint.**

14.      Also, the defendant's employees would refer to the plaintiff as a nigger, monkey and an Ethiopian.

**ANSWER:**

**Rosebud denies the allegations in Paragraph 14 of the Complaint.**

15.      Moreover, the defendant's employees told the plaintiff to go back to Africa.

4

**ANSWER:**

   **Rosebud denies the allegations in Paragraph 15 of the Complaint.**

   16.    On several occasions, the plaintiff complained to manager, Rocky and manager Carlos about the sexual harassment and racial harassment, but they did nothing to stop the continuing sexual harassment and racial harassment.

**ANSWER:**

   **Rosebud denies the allegations in Paragraph 16 of the Complaint.**

   17.    Indeed, manager Rocky Mendoza and manager Carlos Castaneda participated in harassing the plaintiff.

**ANSWER:**

   **Rosebud denies the allegations in Paragraph 17 of the Complaint.**

   18.    Also, on several occasions, the plaintiff requested that each of the defendant's employees harassing the plaintiff stop, but they continued nevertheless.

**ANSWER:**

   **Rosebud denies the allegations in Paragraph 18 of the Complaint.**

   19.    The plaintiff informed each of the defendant's employees that their harassment was disturbing to the plaintiff and did not want them to touch him.

**ANSWER:**

   **Rosebud denies the allegations in Paragraph 19 of the Complaint.**

   20.    However, the defendant's employees ignored the plaintiff and continued to harass him.

**ANSWER:**

   **Rosebud denies the allegations in Paragraph 20 of the Complaint.**

   21.    On a few occasions prior to 13 December 2007, the plaintiff had reminded manager Rocky Mendoza that manager Mendoza had approved the plaintiff to take the day off on 13 December 2007 for dental work.

5

**ANSWER:**

**Rosebud admits that one week prior to December 13, 2007, Plaintiff told Mendoza he would be in late on December 13, 2007. Rosebud denies the remaining allegations in Paragraph 21 of the Complaint.**

22.     On 15 December 2007, manager Carlos Castaneda and/or manager Rocky Mendoza suspended the plaintiff for nine days for failing to report to work on 13 December 2007.

**ANSWER:**

**Rosebud denies the allegations in Paragraph 22 of the Complaint.**

23.     On or about 23 December 2007, Rosebud Farmstand reduced the plaintiff's average hours of 34 hours per week to an average of 30 hours per week.

**ANSWER:**

**Rosebud denies the allegations in Paragraph 23 of the Complaint.**

24.     On or about 7 January 2008, the plaintiff executed a charge of discrimination with the Illinois Department of Human Rights and EEOC.

**ANSWER:**

**Rosebud admits the allegations in Paragraph 24 of the Complaint.**

25.     In 2008 after the plaintiff's EEOC charge of 7 January 2008, until the plaintiff terminated his employment in June 2008, the defendants would ignore the plaintiff, give him the cold shoulder, exclude him from meetings, scratch his car, slash his tires, expose meat knives threateningly and so forth.

**ANSWER:**

**Rosebud denies the allegations in Paragraph 25 of the Complaint.**

26.     In (*sic*) or about June 2008, the plaintiff terminated his employment because, effectively, Rosebud Farmstand constructively discharged the plaintiff by making his working conditions intolerable.

**ANSWER:**

>   **Rosebud denies the allegations in Paragraph 26 of the Complaint.**

**Count I – Sexual Harassment**

>   27.    The plaintiff re-alleges paragraphs 1-12, 16-20.

**ANSWER:**

>   **Rosebud repeats and realleges its answers to Paragraphs 1–12 and 16-20 as its answer to Paragraph 27 of the Complaint.**

**Title VII**

>   28.    At all times when defendant employed the plaintiff, Rosebud Farmstand was an "employer" within the definition of §701(b) of Title VII of the Civil Rights Act of 1964 [42 U.S.C. §2000 e(b)].

**ANSWER:**

>   **Rosebud states that the allegations in Paragraph 28 call for a legal conclusion. To the extent an answer is required, Rosebud denies the allegations in Paragraph 28 of the Complaint.**

>   29.    At all times when the plaintiff was employed by Rosebud Farmstand, the plaintiff was an "employee" within the definition of §701(f) of Title VII of the Civil Rights Act of 1964 [42 U.S.C. §2000(f)].

**ANSWER:**

>   **Rosebud states that the allegations in Paragraph 29 call for a legal conclusion. To the extent an answer is required, Rosebud denies the allegations in Paragraph 29 of the Complaint.**

**Sexual Harassment**

>   30.    Rosebud through its agents and by its actions and/or omission discriminated against the plaintiff based upon his sex in the terms and conditions of his employment.

7

**ANSWER:**

**Rosebud denies the allegations in Paragraph 30 of the Complaint.**

**Damages**

31.     As a proximate result of this discrimination, the plaintiff suffered damages, including, but not limited to, lost wages, lost employment benefits, suffered pain, loss of self-esteem, loss of enjoyment of life, worthlessness and suffered other damages.

**ANSWER:**

**Rosebud denies the allegations in Paragraph 31 of the Complaint.**

32.     Rosebud discriminated against the plaintiff with malice or reckless indifference to his federally protected rights.

**ANSWER:**

**Rosebud denies the allegations in Paragraph 32 of the Complaint.**

33.     To deter future malice or reckless indifference to the federally protected rights of employees by the defendant and other employers and to punish the defendant for their malice or reckless indifference to the plaintiff's federally protected rights, exemplary damages are appropriate.

**ANSWER:**

**Rosebud denies the allegations in Paragraph 33 of the Complaint.**

WHEREFORE, the plaintiff prays that the Court:

I.     Will order the defendant to post appropriate notices regarding their legal duties to refrain from discriminating against employees based upon sex.

II.     Will enjoin the defendant from continuing to discriminate employees because of sex.

III.     Will reinstate the plaintiff to his position or a comparable position or, alternatively, pay for such position for a reasonable time thereafter.

IV.     Will order the defendant to pay prejudgment interest at the prevailing rate on the award of back pay, lost employment benefits and other compensation lost to the plaintiff because of the defendant's discrimination against him based upon his sex.

8

V.     Will order the defendant to compensate the plaintiff for damages which he suffered resulting from the defendant discriminating against him because of his sex, including, but not limited to, humiliation, embarrassment, insult, loss of enjoyment of life, worthlessness, loss of self-esteem and emotional suffering.

VI.     Order the defendant to pay punitive damages.

VII.     Order the defendant to pay attorney's fees, expert witness fees, expenses and costs of this lawsuit and of any prior administrative action and

VIII.     Order the defendant to pay or provide other relief as this Court deems just and appropriate.

**ANSWER:**

**Rosebud denies Plaintiff is entitled to the relief requested or to any relief whatsoever.**

**Count II Racial Harassment**

34.     The plaintiff incorporates by reference ¶ 1-7, 13-20, 28, 29.

**ANSWER:**

**Claim dismissed.**

35.     Rosebud through its agents and by the actions and/or omission discriminated against the plaintiff based upon his race in the terms and conditions of his employment, violating Title VII of the Civil Rights Act of 1964 and/or for participating in a Charge of Discrimination before the EEOC.

**ANSWER:**

**Claim dismissed.**

36.     The defendant's employees would harass racially the plaintiff.

**ANSWER:**

**Claim dismissed.**

37.     Such employees include the defendant's managers, namely, Rocky Mandoza (*sic*) (assistant manager), Carlos Castaneda (manager).

**ANSWER:**

    **Claim dismissed.**

38.    Such employees also include the plaintiff's coworkers, namely, Pablo Velasco, Orlando Alarcon, Luis Arambula, Marcos Romero, Frederico Lopez and Jose G. Martinez (Chaleco).

**ANSWER:**

    **Claim dismissed.**

**Damages**

39.    As a proximate result of this discrimination, the plaintiff suffered damages including, but not limited to, lost wages, lost employment benefits, suffered pain, loss of self-esteem, loss of enjoyment of life, worthlessness and suffered other damages.

**ANSWER:**

    **Claim dismissed.**

40.    Rosebud discriminated against the plaintiff with malice or reckless indifference to his federally protected rights.

**ANSWER:**

    **Claim dismissed.**

41.    To deter future malice or reckless indifference to the federally protected rights of employees by the defendant and other employers and to punish the defendant for their malice or reckless indifference to the plaintiff's federally protected rights, exemplary damages are appropriate:

**ANSWER:**

    **Claim dismissed.**

WHEREFORE, the plaintiff prays that the court:

IX.    Will order the defendant to post appropriate notices regarding their legal duties to refrain from discriminating against employees based upon sex.

X.    Will enjoin the defendant from continuing to discriminate employees because of sex.

XI.     Will reinstate the plaintiff to his position or a comparable position or, alternatively, pay for such position for a reasonable time thereafter.

XII.     Will order the defendant to pay prejudgment interest at the prevailing rate on the award of back pay, lost employment benefits and other compensation lost to the plaintiff because of the defendant's discrimination against him based upon his sex.

XIII.     Will order the defendant to compensate the plaintiff for damages which he suffered resulting from the defendant discriminating against him because of his sex, including, but not limited to, humiliation, embarrassment, insult, loss of enjoyment of life, worthlessness, loss of self-esteem and emotional suffering.

XIV.     Order the defendant to pay punitive damages.

XV.     Order the defendant to pay attorney's fees, expert witness fees, expenses and costs of this lawsuit and of any prior administrative action and

XVI.     Order the defendant to pay or provide other relief as this Court deems just and appropriate.

**ANSWER:**

     **Claim dismissed.**

**Count Retaliation III** (*sic*)

42.     The plaintiff incorporates by reference ¶ 1-25, 28, 29.

**Defendants repeat and reallege their answers to Paragraphs 1-25, 28 and 29 and**

**their answer to Paragraph 42.**

43.     The defendant, by its acts and/or omissions, retaliated against the plaintiff for opposing sexual and racial harassment in the terms and conditions of his employment violating the Title VII of the Civil Rights Act of 1964 and/or for participating in a Charge of Discrimination before the EEOC.

**ANSWER:**

     **Rosebud denies the allegations in Paragraph 43 of the Complaint.**

**Damages**

44.     As a proximate result of this retaliation, the plaintiff suffered damages.

11

**ANSWER:**

    **Rosebud denies the allegations in Paragraph 44 of the Complaint.**

    45.    The defendant retaliated against the plaintiff with malice or reckless indifference to his federally protected rights.

**ANSWER:**

    **Rosebud denies the allegations in Paragraph 45 of the Complaint.**

    46.    Deterring future malice or reckless indifference to the federally protected rights of employees by the defendant and other employers and to punish the defendant for their malice or reckless indifference to the federally protected rights of the plaintiff, exemplary damages are appropriate against the defendant.

**ANSWER:**

    **Rosebud denies the allegations in Paragraph 46 of the Complaint.**

    WHEREFORE, the plaintiff prays that the court:

    I.    Will order the defendant to post appropriate notices regarding their legal duties to refrain from discriminating against employees based upon sex.

    II.    Will enjoin the defendant from continuing to discriminate employees because of sex.

    III.    Will reinstate the plaintiff to his position or a comparable position or, alternatively, pay for such position for a reasonable time thereafter.

    IV.    Will order the defendant to pay prejudgment interest at the prevailing rate on the award of back pay, lost employment benefits and other compensation lost to the plaintiff because of the defendant's discrimination against him based upon his sex.

    V.    Will order the defendant to compensate the plaintiff for damages which he suffered resulting from the defendant discriminating against him because of his sex, including, but not limited to, humiliation, embarrassment, insult, loss of enjoyment of life, worthlessness, loss of self-esteem and emotional suffering.

    VI.    Order the defendant to pay punitive damages.

    VII.    Order the defendant to pay attorney's fees, expert witness fees, expenses and costs of this lawsuit and of any prior administrative action and

VIII.    Order the defendant to pay or provide other relief as this Court deems just and appropriate.

**ANSWER:**

**Rosebud denies the relief requested or that Plaintiff is entitled to any relief whatsoever.**

**Count IV Constructive Discharge**

47.    The plaintiff incorporates by reference ¶ 1-26, 28, 29.

**ANSWER:**

**Claim dismissed.**

48.    Rosebud through its agents and by the actions and/or omission constructively discharged the plaintiff based upon his sex, race and in retaliation relating to the terms and conditions of his employment, violating title VII of the Civil Rights Act of 1964 and/or for participating in a Charge of discrimination before the EEOC.

**ANSWER:**

**Claim dismissed.**

**Damages**

49.    As a proximate result of this retaliation, the plaintiff suffered damages.

**ANSWER:**

**Claim dismissed.**

50.    The defendant retaliated against the plaintiff with malice or reckless indifference to his federally protected rights.

**ANSWER:**

**Claim dismissed.**

51.    Deterring future malice or reckless indifference to the federally protected rights of employees by the defendant and other employers and to punish the defendant for their malice or reckless indifference to the federally protected rights of the plaintiff, exemplary damages are appropriate against the defendant.

**ANSWER:**

   **Claim dismissed.**

   WHEREFORE, the plaintiff prays that the court:

   I.      Will order the defendant to post appropriate notices regarding their legal duties to refrain from discriminating against employees based upon sex.

   II.      Will enjoin the defendant from continuing to discriminate employees because of sex.

   III.      Will reinstate the plaintiff to his position or a comparable position or, alternatively, pay for such position for a reasonable time thereafter.

   IV.      Will order the defendant to pay prejudgment interest at the prevailing rate on the award of back pay, lost employment benefits and other compensation lost to the plaintiff because of the defendant's discrimination against him based upon his sex.

   V.      Will order the defendant to compensate the plaintiff for damages which he suffered resulting from the defendant discriminating against him because of his sex, including, but not limited to, humiliation, embarrassment, insult, loss of enjoyment of life, worthlessness, loss of self-esteem and emotional suffering.

   VI.      Order the defendant to pay punitive damages.

   VII.      Order the defendant to pay attorney's fees, expert witness fees, expenses and costs of this lawsuit and of any prior administrative action and

   VIII.      Order the defendant to pay or provide other relief as this Court deems just and appropriate.

**ANSWER:**

   **Claim dismissed.**

**Count V – Illinois Gender Violence Act**

   52.      The plaintiff re-alleges paragraphs 1-12, 16-20.

**ANSWER:**

   **Defendant repeats and realleges its answers to Paragraphs 1-12, 16-20 and its answer to Paragraph 52.**

14

53.     Rosebud Farmstand through its employees committed acts against the plaintiff violating the Illinois Gender Violence Act.

**ANSWER:**

**Defendants deny the allegations in Paragraph 53 of the Complaint.**

54.     Aside from Rosebud Farmstand, other defendants committed acts against the plaintiff violating the Illinois Gender Violence Act.

**ANSWER:**

**Defendants deny the allegations in Paragraph 54 of the Complaint.**

55.     Such defendants are Rocky Mandoza (*sic*) (assistant manager), Carlos Castaneda (manager).

**ANSWER:**

**Defendants deny the allegations in Paragraph 55 of the Complaint.**

56.     Also, such defendants include the plaintiff's coworkers, namely, Pablo Velasco, Orlando Alarcon, Luis Arambula, Marcos Romero, Frederico Lopez and Jose G. Martinez (Chaleco).

**ANSWER:**

**Defendants deny the allegations in Paragraph 56 of the Complaint.**

57.     The defendant's acts of violence or physical aggression were committed, at least in part, based upon the plaintiff's sex.

**ANSWER:**

**Defendants deny the allegations in Paragraph 57 of the Complaint.**

58.     The defendants subjected the plaintiff to physical intrusions or invasions of a sexual nature.

**ANSWER:**

**Defendants deny the allegations in Paragraph 58 of the Complaint.**

59.     The defendants subjected the plaintiff to gender related violence as defined in Section 5 of the Gender Violence Act, 740 ILCS 82/5.

**ANSWER:**

    **Defendants deny the allegations in Paragraph 59 of the Complaint.**

    WHEREFORE, the plaintiff prays that this court will enter judgment favoring the plaintiff and against the defendants for:

    I.     An amount to fully and justly compensate him for the damages he suffered,

    II.    Exemplary damages,

    III.   Reasonable attorney's fees and the costs and expenses of this action, and

    IV.   Such other relief as this Court deems just and appropriate.

**ANSWER:**

    **Defendants deny that Plaintiff is entitled to the relief requested or to any relief whatsoever.**

**Count VI: §1981 claims against all defendants.**

    60.    The plaintiff incorporates by reference the previous allegations of the complaint, including, but not limited to, ¶ 1-7, 13-20.

**ANSWER:**

    **Defendants deny the allegations in Paragraph 60 of the Complaint.**

    61.    Rosebud through its agents and by the actions and/or omissions discriminated against the plaintiff based upon his race in the terms and conditions of his employment, violating Title VII of the Civil Rights Act of 1964 and/or for participating in a Charge of Discrimination before the EEOC.

**ANSWER:**

    **Defendants deny the allegations in Paragraph 61 of the Complaint.**

    62.    The defendant's employees would harass racially the plaintiff.

**ANSWER:**

    **Defendants deny the allegations in Paragraph 62 of the Complaint.**

63.     Rocky Mandoza (sic) (assistant manager), Carlos Castaneda (manager) would racially harassed the plaintiff.

**ANSWER:**

   **Defendants deny the allegations in Paragraph 63 of the Complaint.**

64.     Others would also racially harassed the plaintiff, including, Pablo Velasco, Orlando Alarcon, Luis Arambula, Marcos Romero, Frederico Lopez and Jose G. Martinez (Chaleco).

**ANSWER:**

   **Defendants deny the allegations in Paragraph 64 of the Complaint.**

65.     Aside from racially harassing the plaintiff, the defendants retaliated against the plaintiff for complaining against racial harassment, including, but not limited to, filing an administrative charge with the Illinois Department of Human Rights and/or the EEOC.

**ANSWER:**

   **Defendants deny the allegations in Paragraph 65 of the Complaint.**

66.     Because the defendants made the plaintiff's work environment intolerable, the defendants participated in or caused the plaintiff to be constructively discharged.

**ANSWER:**

   **Defendants deny the allegations in Paragraph 66 of the Complaint.**

**Damages**

67.     As a proximate result of this discrimination and retaliation, the plaintiff suffered damages, including, but not limited to, lost wages, lost employment benefits, suffered pain, loss of self-esteem, loss of enjoyment of life, worthlessness and suffered other damages.

**ANSWER:**

   **Defendants deny the allegations in Paragraph 67 of the Complaint.**

68.     The defendants discriminated and retaliated against the plaintiff with malice or reckless indifference to his federally protected rights.

**ANSWER:**

   **Defendants deny the allegations in Paragraph 68 of the Complaint.**

69.     To deter future malice or reckless indifference to the federally protected rights of employees by the defendant and other employers and to punish the defendants for their malice or reckless indifference to the plaintiff's federally protected rights, exemplary damages are appropriate.

**ANSWER:**

**Defendants deny the allegations in Paragraph 69 of the Complaint.**

WHEREFORE, the plaintiff prays that the court:

I.     Will order the defendant to post appropriate notices regarding their legal duties to refrain from discriminating against employees based upon sex.

II.     Will enjoin the defendant from continuing to discriminate employees because of sex.

III.     Will reinstate the plaintiff to his position or a comparable position or, alternatively, pay for such position for a reasonable time thereafter.

IV.     Will order the defendant to pay prejudgment interest at the prevailing rate on the award of back pay, lost employment benefits and other compensation lost to the plaintiff because of the defendant's discrimination against him based upon his sex.

V.     Will order the defendant to compensate the plaintiff for damages which he suffered resulting from the defendant discriminating against him because of his sex, including, but not limited to, humiliation, embarrassment, insult, loss of enjoyment of life, worthlessness, loss of self-esteem and emotional suffering.

VI.     Order the defendant to pay punitive damages.

VII.     Order the defendant to pay attorney's fees, expert witness fees, expenses and costs of this lawsuit and of any prior administrative action and

VIII.     Order the defendant to pay or provide other relief as this Court deems just and appropriate.

**ANSWER:**

**Defendants deny Plaintiff is entitled to the relief requested or to any relief whatsoever.**

18

## <u>AFFIRMATIVE DEFENSES</u>

1.  Plaintiff's claims of same-sex harassment which occurred more than 300 days before he filed his charge of discrimination with the EEOC are time-barred.

2.  To the extent Plaintiff purports to allege acts of same-sex harassment under Title VII that were not included in his Charge of Discrimination, those alleged acts cannot be brought in this action due to Plaintiff's failure to exhaust his administrative remedies which require that a charge be filed for alleged acts challenged.

3.  Rosebud cannot be held vicariously liable for any of the alleged harassing acts of its employees as Rosebud was neither aware nor could have been aware of the alleged acts.

4.  Plaintiff unreasonably failed to take advantage of corrective or preventive opportunities at Rosebud or to otherwise avoid alleged harm by reporting the alleged harassment.

5.  Plaintiff participated in and consented to the very conduct about which he complains.

6.  At all appropriate times, Rosebud promptly investigated and took proper remedial action to correct the improper conduct, if any.

7.  Plaintiff voluntarily left his employment with Rosebud Farmstand and Rosebud Farms did not discriminate or harass Plaintiff in any way.  Therefore, Plaintiff is not entitled to any relief whatsoever in this action.

8.  Upon information and belief, Plaintiff pursued this cause of action knowing he was not subjectively or objectively harassed on the basis of sex or race or that he was subjected to harassment.  Prior to filing the Charge with the EEOC, Plaintiff told co-workers he was

planning to move to Arizona and he wanted to earn less money to avoid child support payments.

9.    Plaintiff is not entitled to recover punitive and/or exemplary damages as alleged in his Complaint because Rosebud Farmstand cannot be vicariously liable for discriminatory actions of its agents since those decisions, if any, were contrary to Rosebud Farmstand's good-faith efforts to comply with Title VII and/or the Civil Rights Act of 1991.

10.    Rosebud Farmstand is not a "person" under the Illinois Gender Violence Act and it therefore cannot be held liable for any alleged violations under that Act.

11.    Rosebud Farmstand cannot be held vicariously liable for alleged conduct by Roque Mendoza because Mendoza was not a supervisor as defined by applicable case law during the time period alleged in the Complaint.


Dated: July 16, 2013                  Respectfully submitted,


                                        s/Davi L. Hirsch

                                        JOSHUA D. HOLLEB (ARDC #6185409)

                                        DAVI L. HIRSCH (ARDC #6182757)

                                        KLEIN DUB & HOLLEB, LTD.

                                        660 LaSalle Place, Suite 100

                                        Highland Park, Illinois 60035

                                        847-681-9100


                                        *Attorneys for Defendant*

                                        *Rosebud Farmstand*

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that a true and correct copy of the foregoing

Defendant's Amended Answer to Complaint and Affirmative Defenses was served upon:

> Joseph A. Longo
> Longo and Associates Ltd.
> 2100 W. Haven
> Mount Prospect, IL  60056

*via* electronic mail and regular U.S. mail deposited on this 16th day of July, 2013.

s/Davi L. Hirsch