## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 11 C 9147 |
| v. | ) | |
| | ) | Jeffrey T. Gilbert |
| ROSEBUD FARMSTAND, ROCKY | ) | Magistrate Judge |
| MENDOZA, CARLOS CASTANEDA, | ) | |
| | ) | |
| Defendants. | ) | |

Docket Entry:

Motion hearing [70][74][75][76][78][81] held on 11/14/13. As a threshold matter, for the reasons stated on the record, counsel are directed not to telephone chambers, either individually or together, with questions, comments or concerns about this case, any pending motions or motions a party wishes to notice before the Court. Any communication with the Court is to be done in writing with a public filing whether by motion, stipulation, status report or notice. Secondly, the motions set for ruling or noticed for hearing on 11/14/13 are granted and denied in part for the reasons stated on the record. See Statement below for further details concerning the Court's rulings on the motions heard on 11/14/13. Plaintiff's Motion to Extend Discovery Cutoff [74] is entered and continued to 11/19/13 at 11:00 a.m. Prior to that hearing, counsel are to discuss what discovery remains to be done, and schedule whatever depositions can be scheduled before the current discovery cutoff date of 11/29/13.

Statement:

Plaintiff's Motion for Clarification [70] is granted. If Defendant wants copies of Plaintiff's tax returns, then Defendant shall pay the fee charged by the IRS for those returns as stated on IRS Form 4506.

Plaintiff's Motion to Compel Defendant to Answer Plaintiff's Discovery Relating to Whether Defendant's Employees are Undocumented Employees [76] is denied. Plaintiff has not shown that the immigration status of Defendant's employees is relevant or reasonably calculated to lead to the discovery of admissible evidence concerning the main issues in this single plaintiff employment discrimination case. Plaintiff's bare speculation that "[u]ndocumented workers, here illegally, may feel that they are not subject to the laws to which US citizens are subject" [DE#76 at p 3] is an insufficient basis to open up discovery into the immigration status of

Defendant's current or former employees.  So is Plaintiff's speculation that "[t]he defendant/employer may directly or indirectly pressure undocumented employees to testify in a certain way."  *Id.*  "While credibility is always at issue, that 'does not warrant unlimited inquiry into the subject of immigration status'."  *See Mintel International Group, Ltd., v Neergheen, 2008 U.S. Dist LEXIS 122591 (N.D. Ill. Sept. 4, 2008)* and cases cited therein.

Defendants' Motion for Protective Order [78] concerning the issue of immigration status and specific avenues of inquiry during the depositions of Defendant's current and former employees, including the individual Defendants, is granted though Defendant's request for attorneys' fees is denied.

Plaintiff's Motion to Compel Defendants to Produce Financial Information [75] is denied without prejudice as premature.  Defendants represent they intend to file a motion for summary judgment at the conclusion of discovery in this case.  If that motion is denied in whole or in part, and this case is going to proceed to trial on some or all of Plaintiff's claims, and those claims could support an award of punitive damages against some or all Defendants, then nothing in this Court's ruling on Plaintiff's request for financial information is intended to preclude Plaintiff from obtaining the information he needs at that time to fairly present the issue of punitive damages to the court or jury.

Defendants' Motion to Issue Subpoena to CityWide Janitorial for Employment Application [81] is granted.  As stated on the record, this request by Defendants for a single document from Plaintiff's current employer is much narrower than the prior subpoena served by Defendants and quashed by the Court on Plaintiff's motion.  Given the employer's willingness to provide compensation information in response to Defendant's request [See DE#81 at Exhibit D], the potential that Plaintiff may be prejudiced by Defendant's service of a subpoena on his current employer is outweighed by Defendant's legitimate need to obtain Plaintiff's employment application directly from his employer under the circumstances of this case.

Defendants' Motion to Depose Plaintiff to Authenticate Documents from Third Parties [81] is denied without prejudice for the reasons stated on the record.  Defendant has not established to the Court's satisfaction that it seeks to reopen Plaintiff's deposition to authenticate documents that Plaintiff actually can authenticate versus to ask Plaintiff substantive questions about documents (or subjects contained in those documents) that Defendant obtained after it took Plaintiff's deposition.  If the reason Defendant seeks to reopen Plaintiff's deposition is for the latter purpose, then that is not a road the Court is willing to allow Defendant to go down at this point in time.  The parties are directed to meet and confer in good faith to eliminate the need to reopen Plaintiff's deposition for the sole purpose of obtaining testimony to authenticate documents if the parties can stipulate to the authenticity of such documents for use at trial or in connection with summary judgment practice.

It is so ordered.

_____
Jeffrey T. Gilbert
United States Magistrate Judge

Dated: November 14, 2013