IN THE UNITED STATES DISTRICT COURT
FOR NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROBERT SMITH, | ) |
|              Plaintiff, | ) |
| v. | ) No. 11 CV 9147 |
| ROSEBUD FARM, INC., | ) |
| d/b/a ROSEBUD FARMSTAND, | ) Judge Robert M. Dow, Jr. |
| ROCKY MENDOZA, | ) |
| CARLOS CASTANEDA, | ) |
|              Defendants. | ) |

**DEFENDANT ROSEBUD FARM, INC. d/b/a ROSEBUD FARMSTAND'S
MOTION FOR JUDGMENT AS A MATTER OF LAW**

Defendant Rosebud Farm, Inc., d/b/a Rosebud Farmstand, by its undersigned attorneys, and pursuant to Fed. R. Civ. P. 50(a) moves for judgment as a matter of law as to the alleged claims of Plaintiff Robert Smith for sexual harassment and retaliation pursuant to Title VII of the Civil rights Act of 1964, as amended, and racial harassment and retaliation pursuant to Section 1981. In support of its Motion, Rosebud Farmstand states:

1. Fed R. Civ. P. 50(a)(1) provides that:

    If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may:

    (A) resolve the issue against the party; and

    (b) grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue.

2. Fed. R. Civ. P. 50()a)(2) further states that a "motion for judgment as a matter of law may be made at any time before the case is submitted to the jury."

3. Under Fed. R. Civ. P. 50, judgment as a matter of law ("JMOL") is appropriate when "a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue. *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 149 (2000) (quoting Fed. R. Civ. P. 50(a). To determine if a JMOL is proper, the court "must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence. "Waite v. Bd. of Trs*., 408 F.3d 339, 343 (7th Cir. 2005).*

## **TITLE VII – SEXUAL HARASSMENT**

4. The Court should enter judgment as a matter of law on Plaintiff's Title VII claim for same-sex sexual harassment. To succeed on a claim for hostile work environment sexual harassment, Plaintiff had to come forward with evidence of the following: (1) he was subjected to unwelcome harassment; (2) the harassment was based on his sex; (3) the harassment was sufficiently severe or pervasive so as to alter the condition of his employment and create a hostile or abusive atmosphere; and (54) there is a basis for employer liability. *Boumehdi v. Plastag Holdings, LLC,* 489 F.3d 781, 788 (7th Cir. 2007) (citing *Kampmier v. Emeritus Corp.*, 472 F.3d 930, 940 (7th Cir. 2007)).

5. Plaintiff failed to present sufficient evidence to support each of these elements. *First,* the evidence Plaintiff and his witnesses presented at trial does not establish that he was subjected to conduct that amounted to unwelcome harassment. Plaintiff's testimony about alleged repeated, daily touching of his private parts and buttocks that "lasted a second" was not confirmed by the witnesses who Plaintiff testified saw everything. Plaintiff did not present evidence to support his claim Castaneda engaged in harassment. Plaintiff's testimony that Castaneda allegedly put his between his legs and touched his privates in 2003, even if construed

2

as true, is too remote to impose Supervisor liability. Although Plaintiff confirmed on cross-examination that Castaneda allegedly only touched him in 2003, his attempts to change his story and his testimony about alleged later touching by Castaneda were vague and unspecific and did not describe touching of private parts. Rather, Plaintiff asserted Castaneda slapped his butt a few times over the course of the next four years. The evidence presented also established Mendoza was not a supervisor and he did not engage in harassment. With the exception of one story where Mendoza allegedly put his arms around Plaintiff, his testimony about Mendoza was similarly vague and uncorroborated. Cari Alexander testified he worked in the front of the store and never behind the meat counter or in the meat department. He testified he allegedly saw only once a "short Mexican" co-worker's hand on Plaintiff's butt. Based on Alexander's employment record, which was clarified on cross-examination, the isolated incident had to occur during a time period after January 7, 2008 when Plaintiff testified all alleged touching had stopped. Corey Barr testified he allegedly saw Plaintiff's body touched only once in 2006, outside the 300 day limitations period, and never again. The alleged touching to which Gary Holloway testified he observed occurred during a time period after Plaintiff testified *all* touching had stopped. Plaintiff admitted he was not subjected to verbal sexual harassment. His testimony about Mendoza allegedly asking him once to have sex in 2006, winking at him and gesturing "let's go" therefore, is not relevant to his claim.

*Second*, Plaintiff did not present evidence to show the alleged harassment was based on sex under the standards set forth in *Oncale v. Sundowner Offshore Services, Inc.*, 523 U.S. 75, 80-81 (1998). Plaintiff presented no credible evidence that the co-workers who he claimed touched him were homosexuals. His uncorroborated testimony about alleged "faggot stuff" does not carry his burden. Plaintiff also did not demonstrate a general hostility toward men in the

3

workplace. He testified the opposite was true and that his co-workers liked men. Plaintiff testified there were no women in the meat department. Plaintiff could not, therefore, show similarly situated women were treated differently than men in the meat department because there were no similarly situated women. He also offered no evidence that women came behind the meat counter or into the meat department with any meaningful frequency. In addition, his testimony that women's private parts were not touched is beyond the scope of his Complaint. Plaintiff never presented such a legal theory in his complaint. In any event, Plaintiff offered no competent evidence to make such a showing.

*Third*, Plaintiff did not offer evidence to demonstrate the alleged harassment was so severe to alter the conditions of employment. Plaintiff testified his performance was excellent at all times. Although Plaintiff claimed his environment became "intolerable" leading him to quit, there was no evidence to support that claim. The evidence Plaintiff presented demonstrated the opposite is true. All touching stopped after he filed his Charge. *Finally*, Plaintiff failed to demonstrate there is a basis for employer liability. Because Plaintiff did not establish that Castaneda – the only supervisor – engaged in harassment, his "[n]otice or knowledge of the harassment is a prerequisite for liability." *Hall v. Bodine Elec. Co.*, 276 F.3d 345, 346 (7th Cir. 2002). Plaintiff failed to present evidence that Castaneda or the store's Owner had notice or knowledge of the alleged harassment before he filed his Charge. None of Plaintiff's witnesses presented competent or reliable evidence of first-hand knowledge Plaintiff ever complained before filing his Charge. For all of these reasons, judgment should be entered as a matter of law on Plaintiff's Title VII sexual harassment claim.

## TITLE VII – RETALIATION

6. The Court also should enter judgment as a matter of law on Plaintiff's Title VII retaliation claim. The elements of a retaliation claim require Plaintiff to show that: (1) he engaged in statutorily protected activity; (2) he suffered an adverse action taken by the employer; and (3) there was a causal connection between the two. *Tomanovich v. City of Indianapolis*, 457 F.3d 656, 663 (7th Cir. 2006) (quotations and citations omitted). While Plaintiff presented sufficient evidence that he filed a Charge of Discrimination, Plaintiff failed to demonstrate that he suffered continued harassment or other new alleged mistreatment after he filed his Charge that forced him to quit or that there was a causal connection between his Charge and his decision to quit. Plaintiff's Complaint allegations concerning alleged Title VII retaliation were detailed and specific: "In 2008, after the plaintiff's EEOC charge of 7 January, 2008, until the plaintiff terminated his employment in June 2008, the defendants would ignore the plaintiff, give him the cold shoulder, exclude him from meetings, scratch his car, slash his tires and expose meat knives threateningly." (Docket No. 1, ¶¶42,25). Plaintiff testified he had no evidence to identify any co-worker or witness to scratching his car, slashing his tires, or breaking his windshield and TV and spitting on his window (which he added at trial). His proferred evidence of alleged cold shoulders does not rise to the level of an adverse employment action sufficient to force Plaintiff to quit. *See e.g., Parkins v. Civil Constructors of Illinois, Inc.*, 163 F.3d 1027, 1039 (7th Cir. 1998); *Bell v. Envtl. Prot. Agency*, 232 F.3d 546, 555 (7th Cir. 2000). Plaintiff's testimony about alleged exposing meat knives and banging cleavers was too vague and unspecific and could not be corroborated by any of Plaintiff's witnesses. Plaintiff also testified he never reported this alleged conduct to the police, to Castaneda or the Owner. Plaintiff also presented no events to support any of these alleged harms actually happened in the first place. Because Plaintiff

confirmed he never was threatened, Plaintiff's evidence simply is insufficient to support a jury verdict that Plaintiff suffered an adverse action relating to alleged meat department utensil use activity sufficient to force him to quit, particularly where, as here, he stayed for six months after filing his Charge while this activity allegedly was taking place. Because Plaintiff's limited evidentiary offering was insufficient to show he suffered an adverse action, Plaintiff failed to show the requisite causal connection to filing his Charge on January 7, 2008.

## **SECTION 1981 – RACIAL HARASSMENT**

7. The Court should enter judgment as a matter of law on Plaintiff's Section 1981 racial harassment claim. This Court previously dismissed Plaintiff's Title VII racial harassment claim because Plaintiff failed to allege he was a victim of racial harassment in his Charge that underlies this lawsuit. Plaintiff's attempt to offer evidence that allegations of racial harassment were presented in connection with his Charge is useless to his Section 1981 claim filed more than three years after he quit and filed more than eight years after the conduct allegedly started. To the contrary, because Plaintiff admitted during his testimony that the only written complaint he ever filed – his Charge – contained no such allegation, Plaintiff carried a heavy burden at trial to show he otherwise was subjected to harassment because of his race, that he suffered an adverse action, and that there is a basis for employer liability. *See Humphries v. CBOCS West, Inc.*, 474 F.3d 387, 403-04 (7th Cir. 2008) (same substantive methods of proof apply to claims brought under Title VII and Section 1981); *Andrews v. CBOCS, Inc.*, 743 F.3d 230, 234 (75th Cir. 2014).

Plaintiff's Complaint was filed December 23, 2011. The four year statute of limitations date is, therefore, December 23, 2007. Plaintiff testified that various co-workers at various times throughout his employment called him a nigger, a slave, and a money and told him to go back to

6

Africa, to go back to Ethiopia, and that niggers had big dicks and asses. Plaintiff claimed this alleged name calling went on from the day he started in 2003 on virtually a daily basis until he quit almost five years later. Contrary to Plaintiff's testimony, none of his witnesses could corroborate Plaintiff's testimony. The two witnesses who were there for any part of the time after December 23, 2007 were Alexander and Holloway. Alexander testified he never heard any name calling. Holloway testified the co-workers did not call Plaintiff anything. The only thing Holloway testified he heard was that someone allegedly told him to "take his ass back to Africa," language different than what Plaintiff claimed was stated to him. In short, Plaintiff's evidence of alleged conduct during the limitations period was indicative of a few isolated, stray remarks, at best, even if construed as true, and were insufficient to encompass the alleged conduct dating back to 2003 to justify a continuing violation analysis. Barr left employment in July 2007, before the limitations trigger date. Even if the Court considers Barr's testimony, Barr denied ever hearing the bulk of the alleged slurs to which Plaintiff testified and he could not have corroborated Plaintiff's testimony through June 21, 1008 as Plaintiff claimed. Plaintiff failed to present evidence of any adverse action taken towards him during his employment as a result of racial harassment or discrimination. Plaintiff also failed to show there is a basis for employer liability. The Court already has entered summary judgment in favor of the individual Defendants Castaneda and Mendoza. There is a legally insufficient evidentiary basis to support a conclusion Plaintiff notified Rosebud Farmstand that he was being subjected to alleged racial harassment by his co-workers. The only written complaint Plaintiff ever filed relating to his race or his gender during the limitations period was his written and verified "under penalty" Charge of Discrimination signed on January 7, 2008. Although there is no charge filing requirement for a Section 1981 claim, Plaintiff nonetheless must produce sufficient evidence he gave his employer

notice that he allegedly was being subjected to racial harassment. Plaintiff's omission of the alleged racial slurs from the only documented complaint he made during the limitations period is compelling evidence Plaintiff either was not subjected to racial harassment or if he was, he did not view his work environment as objectively or subjectively racially hostile since he did not mention it. Plaintiff's testimony that he complained verbally to Castaneda about alleged racial harassment was not substantiated by his witnesses. Judgment as a matter of law should be entered in Rosebud Farmstand's favor on Plaintiff's Section 1981 claim.

## SECTION 1981 – RETALIATION

8. The Court should enter judgment as a matter of law on Plaintiff's Section 1981 retaliation claim. Plaintiff failed to demonstrate that Rosebud Farmstand made his work atmosphere intolerable after he complained about alleged racial harassment to justify his decision to quit. Six months after he filed his Charge. Plaintiff testified that after he filed his January 7, 2008 Charge, the alleged racial harassment intensified and got "real bad." Plaintiff failed to offer any evidence beyond his own testimony to establish he allegedly was subjected to racial harassment after January 2008 that was worse, different or retaliatory alleged in any way. As discussed above, Plaintiff testified alleged name calling started in 2003 on a daily basis. Plaintiff's witnesses, however, did not substantiate there was name calling at all in 2008 to which Plaintiff testified, let alone such activity allegedly intensifying. In fact, the evidence established the opposite. There was no evidence for 2008 that any of his witnesses heard anything except "take your ass back to Africa." Even if that evidence from Holloway is construed as true, it is insufficient to show any material change in his work environment for alleged complaining about harassment or filing a charge. It also is not sufficiently severe to show

8

hellish or intolerable conditions sufficient to justify Plaintiff's decision to quit. Plaintiff has not presented sufficient evidence to sustain a jury verdict for retaliation in violation of Section 1981.

WHEREFORE, Defendant Rosebud Farm, Inc. respectfully requests that the Court enter judgment as a matter of law in its favor and dismiss Counts I, III and VII of Plaintiff's Complaint.

Dated: December 11, 2015                                    Respectfully submitted,

                                                                               /s/ Davi L. Hirsch

JOSHUA D. HOLLEB (ARDC #6185409)
DAVI L. HIRSCH (ARDC #6182757)
KLEIN DUB & HOLLEB, LTD.
660 LaSalle Place, Suite 100
Highland Park, IL 60035
(847) 681-9100 phone
jdh@labor-law.com
dhirsch@labor-law.com

*Attorneys for Defendants Rosebud Farmstand, Inc.*
*d/b/a Rosebud Farmstand, Carlos Castaneda,*
*Roque Mendoza*

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that a true and correct copy of the foregoing **Defendant Rosebud Farm, Inc. d/b/a Rosebud Farmstand's Motion for Judgment as a Matter of Law** was served upon:

>Joseph A. Longo
>Longo and Associates, Ltd.
>2100 West Haven
>Mt. Prospect, IL 60056

*via* the Court's ECF system and hand-delivery in open court on December 11, 2015.

/s/ Davi L. Hirsch