# IN THE UNITED STATES DISTRICT COURT
# FOR NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT SMITH, | ) | |
| | ) | |
|       Plaintiff, | ) | |
| v. | ) | No. 11 CV 9147 |
| | ) | |
| ROSEBUD FARM, INC., | ) | |
| d/b/a ROSEBUD FARMSTAND, | ) | Judge Robert M. Dow, Jr. |
| ROCKY MENDOZA, | ) | |
| CARLOS CASTANEDA, | ) | |
| | ) | |
|       Defendants. | ) | |

## DEFENDANTS CARLOS CASTANEDA AND ROQUE MENDOZA'S MOTION FOR JUDGMENT AS A MATTER OF LAW ON PLAINTIFF'S ILLINOIS GENDER VIOLENCE CLAIM

Defendants Carlos Castaneda ("Castaneda") and Roque Mendoza ("Mendoza") by their undersigned attorneys, and pursuant to Fed. R. Civ. P. 50(a), move for judgment as a matter of law on the alleged claim of Plaintiff Robert Smith ("Plaintiff") against them individually for violations of the Illinois Gender Violence Act ("IGVA").

In support of their Motion, Castaneda and Mendoza state:

1.     Fed R. Civ. P. 50(a)(1) provides that:

> If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may:

> (A)     resolve the issue against the party; and

> (b)     grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue.

2.     Fed. R. Civ. P. 50()a)(2) further states that a "motion for judgment as a matter of law may be made at any time before the case is submitted to the jury."

3. Under Fed. R. Civ. P. 50, judgment as a matter of law ("JMOL") is appropriate when "a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 149 (2000) (quoting Fed. R. Civ. P. 59(a)). To determine if a JMOL is proper, the court "must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence. *Waite v. Bd. of Trs.*, 408 F.3d 339, 343 (7th Cir. 2005).

4. Plaintiff's IGVA claims against Castaneda and Mendoza fail because there is no legally sufficient evidentiary basis for a reasonable jury to find for Plaintiff on that issue. *Reeves*, 530 U.S. at 149. To put this claim before the jury, Plaintiff was required to present evidence against each of Castaneda and Mendoza of the following:

> (1) One or more acts of violence or physical aggression satisfying the elements of battery under the laws of Illinois that are committed, at least in part, on the basis of a person's sex, whether or not those acts have resulted in criminal charges, prosecution, or conviction.
>
> (2) A physical intrusion or physical invasion of a sexual nature under coercive conditions satisfying the elements of battery under the laws of Illinois, whether or not the act or acts resulted in criminal charges, prosecution, or conviction.
>
> (3) A threat of an act described in item (1) or (2) causing a realistic apprehension that the originator of the threat will commit the act.

740 ILCS §82/5. Liability only can be imposed "against a person or persons perpetrating the gender-related violence. …['P]erpetrating' means either personally committing the gender-related violence or personally encouraging or assisting the gender-related violence." 740 ILCS §82/10. The IGVA took effect January 1, 2004. 40 ILCS §82/98. The statute of limitations for IGVA claims is seven years for violations of paragraphs (1) and (2) above and two years for violations of paragraph (3). 740 ILCS §82/20.

5. Plaintiff's Complaint was filed December 23, 2011. (Docket No. 1). As a consequence, the statute of limitations dates back to December 23, 2004 for conduct that falls within paragraphs (1) and (2) and December 23, 2009 for conduct that falls within paragraph (3).

6. Plaintiff testified that shortly after he started in 2003, Castaneda allegedly stuck his hand between Plaintiff's legs from behind and "flopped his dick" which lasted a second or two. Even if this evidence is construed as true for purposes of this Motion, it is beyond the applicable statute of limitations and it took place before the IGVA took effect. Plaintiff admitted on cross-examination that he testified at his deposition Castaneda never touched him after 2003. Although Plaintiff later contradicted himself and testified that Castaneda slapped his butt in March 2004, that alleged conduct similarly is outside the applicable statute of limitations. Plaintiff's additional contradictions in his testimony that Castaneda continued to slap his butt until October 2006 or until a few months before Castaneda pulled his time card in December 2007 was too vague to provide a sufficient evidentiary basis for a jury to support a verdict in his favor.

7. Plaintiff did not present evidence to demonstrate Castaneda's alleged butt slaps amounted to one or more acts of violence or physical aggression satisfying the elements of battery on the basis of Plaintiff's sex. On the contrary, Plaintiff testified he was not hurt physically or subjected to violence. No reasonable jury could conclude that Plaintiff's testimony about alleged butt slaps at the store, out in the open, were "physical intrusions" or "physical invasions" under "coercive conditions." Plaintiff testified Castaneda never threatened him. No reasonable jury could conclude there is substantive evidence Castaneda made threats in violation of paragraph (3).

8. Plaintiff also has no evidence, if it occurred at all, that Castaneda's alleged conduct was because of his sex as required under Paragraph 1 in Section 5 of the IGVA. This void in evidence is equally fatal to his IGVA claim against Castaneda.

9. Significantly, all three of Plaintiff's witnesses – Alexander, Barr and Holloway – testified they never saw Castaneda touch Plaintiff. This testimony underscores that Plaintiff has insufficient evidence to support a verdict against Castaneda for alleged IGVA violations. Where, as here, Plaintiff has been fully heard on his IGVA claims and "there is no legally sufficient evidentiary basis for a reasonable jury to find for [Plaintiff] on that issue, JMOL in favor of Castaneda and against Plaintiff is warranted at this stage in the proceedings under Fed. R. Civ. P. 50(a).

10. JMOL similarly is warranted in favor of Mendoza and against Plaintiff on Plaintiff's IGVA claim against Mendoza because there is no legally sufficient evidentiary basis to support a verdict in Plaintiff's favor. Although Plaintiff testified Mendoza never worked in the meat department, he rambled on with alleged touchings that none of his witnesses ever saw or described. The butt slap that two of his witnesses claimed to have seen is not gender violence under the IGVA.,. Barr testified he never saw Mendoza touch Plaintiff. Alexander admitted the only time he allegedly saw any touching, is when he was five to six feet away from the meat counter, while he was standing in front of the meat counter, and while Smith was standing behind the meat counter. The touch he claims he saw was a "hand on the butt" and the evidence was not clear who did it.. Holloway testified he saw Mendoza slap Plaintiff's butt once. This alleged conduct simply does not support an inference of "violence," "physical aggression" or a "physical intrusion or physical invasion of a sexual nature under coercive conditions" to sustain a verdict that Mendoza violated the IGVA.

11. Plaintiff has presented no evidence, if it occurred at all, that Mendoza's alleged conduct was because of his sex as required under Paragraph 1 in Section 5 of the IGVA. This void in evidence is equally fatal to his IGVA claim against Mendoza.

12. Plaintiff's evidence of Mendoza's alleged non-physical conduct cannot support a verdict that Mendoza engaged in conduct that violated paragraph (3). Plaintiff testified that in September 2007, and allegedly in years prior, Mendoza asked him to take a ride to a hotel and have sex and Mendoza winked at him and tilted his head to the left gesturing let's go. Even if the Court construes Plaintiff's testimony as true for purposes of this Motion, these alleged non-physical acts are beyond the statute of limitations. The evidence adduced in Plaintiff's case confirms his last day worked was June 18, 2008. Any conduct prior to December 23, 2009, like the conduct alleged here to have taken place in 2007 and earlier, is time barred. Even if this conduct is construed as within the limitations period, it does not, as a matter of law, satisfy the evidentiary requirements to support a verdict in Plaintiff's favor against Mendoza for IGVA violations.

13. Plaintiff did not offer evidence that either Castaneda or Mendoza personally perpetrated – meaning aided or assisted – in the alleged conduct of the other. Although Plaintiff testified he allegedly complained verbally to both Castaneda and Mendoza about employees allegedly touching his body while he was at work. Plaintiff presented no evidence, however, that he complained to Castaneda about Mendoza's conduct in particular or vise versa and that one or the other personally encouraged or assisted the other. As a consequence, the evidence is legally insufficient to support a verdict that either Castaneda or Mendoza perpetrated gender-violence.

14. Plaintiff's witnesses presented no evidence to support Plaintiff's IGVA claim against Mendoza. Both Barr and Alexander testified they never saw Mendoza touch Plaintiff.

Holloway testified that he allegedly saw Mendoza slap Plaintiff's butt for a "moment" while the two were walking past each other in the store. A reasonable jury would not reach a verdict in Plaintiff's favor based on this alleged evidence.

WHEREFORE, Defendants Carlos Castaneda and Roque Mendoza respectfully request the Court grant their Motion for Judgment as a Matter of Law pursuant to Fed. R. Civ. P. 50(a) and dismiss Plaintiff's IGVA claim with prejudice.

Dated: December 11, 2015                    Respectfully submitted,


                                            /s/ Davi L. Hirsch


JOSHUA D. HOLLEB (ARDC #6185409)
DAVI L. HIRSCH (ARDC #6182757)
KLEIN DUB & HOLLEB, LTD.
660 LaSalle Place, Suite 100
Highland Park, IL 60035
(847) 681-9100 phone
jdh@labor-law.com
dhirsch@labor-law.com

*Attorneys for Defendants Rosebud Farmstand, Inc.*
*d/b/a Rosebud Farmstand, Carlos Castaneda,*
*Roque Mendoza*

# CERTIFICATE OF SERVICE

The undersigned attorney certifies that a true and correct copy of the foregoing **Defendants Carlos Castaneda and Roque Mendoza's Motion For Judgment As A Matter of Law On Plaintiff's Illinois Gender Violence Claim** was served upon:

> Joseph A. Longo
> Longo and Associates, Ltd.
> 2100 West Haven
> Mt. Prospect, IL 60056

*via* the Court's ECF system and hand-delivery in open court on December 11, 2015.

                                                  /s/ Davi L. Hirsch