

JSL

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ROBERT SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 11-cv-9147 |
| | ) | |
| v. | ) | Judge Robert M. Dow, Jr. |
| | ) | |
| ROSEBUD FARMSTAND,  ROQUE | ) | |
| MENDOZA, and CARLOS CASTANEDA, | ) | |
| | ) | |
| Defendants. | ) | |

## JURY INSTRUCTIONS

Members of the jury, you have seen and heard all the evidence and arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

During this trial, I have asked a witness a question myself. Do not assume that because I asked questions I hold any opinion on the matters I asked about, or on what the outcome of the case should be.

In this case Defendant Rosebud Farmstand is a corporation. All parties are equal before the law. A corporation is entitled to the same fair consideration that you would give any individual person.

In determining the facts of this case, you must consider only the evidence that I have admitted in the case. The evidence consists of the testimony of the witnesses and the exhibits admitted.

Certain things are not to be considered as evidence. I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded. This includes any press, radio, Internet or television reports you have seen or heard. Such reports are not evidence and your verdict must not be influenced in any way by such publicity.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

Any notes you take during this trial are only aids to your memory. The notes are not evidence. If you do not take notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on evidence in the case.

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, <u>direct evidence</u> that it is raining is testimony from a witness who says, "I was outside a minute ago and I saw it raining." <u>Circumstantial evidence</u> that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, you may consider, among other things:

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

- the witness's memory;

- any interest, bias, or prejudice the witness may have;

- the witness's intelligence

- the manner of the witness while testifying;

- and the reasonableness of the witness's testimony in light of all the evidence in the case.

11

You may consider the statements given by any party or witness under oath before trial as evidence of the truth of what he or she said in the earlier statements, as well as in deciding what weight to give his or her testimony.

With respect to other witnesses, the law is different. If you decide that, before the trial, one of these witnesses made a statement not under oath or acted in a manner that is inconsistent with his or her testimony here in court, you may consider the earlier statement or conduct only in deciding whether his or her testimony here in court was true and what weight to give his or her testimony here in court.

In considering a prior inconsistent statement or conduct, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant fact.

It is proper for a lawyer to meet with any witness in preparation for trial.

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of a larger number of witnesses.

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

You should consider only the evidence provided through the official interpreter. Although some of you may know Spanish, it is important that all jurors consider the same evidence. Therefore, you must base your decision on the evidence presented in the English translation.

A mannequin has been shown to you. The mannequin was used for convenience and to help explain the facts of the case. It is not itself evidence or proof of any facts.

You must give separate consideration to each claim and each party in this case. Although there are three Defendants, it does not follow that if one is liable, any of the others is also liable.

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded.

Excerpts from the deposition of Gary Holloway, which was taken on December 13, 2013, were presented to you. Deposition testimony is entitled to the same consideration and is to be judged, insofar as possible, in the same way as if the witness had been present to testify.

Do not place any significance on the behavior or tone of voice of any person who read the questions or answers.

You have heard evidence that Plaintiff Robert Smith has been convicted of a crime. You may use that evidence only to help you decide whether to believe the witness and how much weight to give his testimony.

You have heard evidence that witness Gary Holloway has been convicted of a crime. You may use that evidence only to help you decide whether to believe the witness and how much weight to give his testimony.

I have a duty to caution or warn an attorney who does something that I believe is not in keeping with the rules of evidence or procedure. You are not to draw any inference against the side whom I may caution or warn during the trial.

In deciding Plaintiff Robert Smith's claims against Defendant Rosebud Farmstand, you should not concern yourselves with whether Defendant's actions were wise, reasonable, or fair. Rather, your concern is only whether Plaintiff has proved that Defendant sexually harassed him because of his sex; racially harassed him because of his race; or retaliated against him for complaining about harassment and/or discrimination.

Over the course of the trial, you have heard testimony regarding Plaintiff Robert Smith's complaints to the Illinois Department of Human Rights ("IDHR") and the Equal Employment Opportunity Commission ("EEOC"). You have not heard evidence regarding the determinations, if any, made by these bodies in relation to Plaintiff Robert Smith's complaints. Their determinations are not relevant to this matter.

You must make a determination based on the evidence presented by the parties in this case, and in this case alone.

In addition, the claims in Plaintiff Robert Smith's lawsuit are not limited to the precise facts set out in his complaints to the IDHR or EEOC.

23

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

Plaintiff Robert Smith brings the following claims in this case:

First, Plaintiff Robert Smith claims that Defendant Rosebud Farmstand, through its employees, violated federal law by sexually harassing him at work in violation of Title VII of the Civil Rights Act of 1964.

Second, Plaintiff Robert Smith claims that Defendant Rosebud Farmstand, through its employees, violated federal law by racially discriminating against him at work in violation of Section 1981 of the Civil Rights Act of 1866.

Third, Plaintiff Robert Smith claims that Defendant Rosebud Farmstand, through its employees, violated federal law by retaliating against him for filing a Complaint alleging that he had been sexually harassed and racially discriminated against at work, in violation of Title VII of the Civil Rights Act of 1964 and Section 1981 of the Civil Rights Act of 1866.

Fourth, Plaintiff Robert Smith claims that Defendant Carlos Castaneda and Defendant Roque Mendoza violated Illinois law under the Illinois Gender Violence Act by engaging in one or more acts of gender-related violence against Plaintiff Robert Smith.

With respect to his Title VII claim for sexual harassment, Plaintiff Robert Smith claims that he was sexually harassed at work. Different standards for employer liability apply depending on whether the alleged harasser was the victim's co-worker or supervisor.

To succeed on this claim based on the actions of Plaintiff's co-worker, Plaintiff must prove seven things by a preponderance of the evidence:

1. Plaintiff was subjected to sexual harassment;

2. The conduct was unwelcome;

3. The conduct occurred because of Plaintiff's sex;

4. The conduct was sufficiently severe or pervasive that a reasonable person in Plaintiff's position would find Plaintiff's work environment to be hostile or abusive;

5. At the time the conduct occurred, Plaintiff believed that the conduct made his work environment hostile or abusive;

6. Defendant Rosebud Farmstand knew or should have known about the conduct; and

7. Defendant Rosebud Farmstand did not take reasonable steps to correct the situation or prevent harassment from recurring.

If you find that Plaintiff has proved by a preponderance of the evidence each of the things required of him, then you must find for Plaintiff. However, if Plaintiff did not prove by a preponderance of the evidence each of the things required of him, then you must find for Defendant Rosebud Farmstand.

To succeed on a claim against an employer based on the actions of a supervisor, Plaintiff must prove six things by a preponderance of the evidence:

1. The individual in question was Plaintiff's supervisor. A supervisor is someone who can affect the conditions of Plaintiff's employment. By this I mean someone who has the power to hire, fire, demote, promote, transfer, or discipline Plaintiff.

2. Plaintiff was subjected to sexual harassment;

3. The conduct was unwelcome;

4. The conduct occurred because of Plaintiff's sex;

5. The conduct was sufficiently severe or pervasive that a reasonable person in Plaintiff's position would find Plaintiff's work environment to be hostile or abusive; and

6. At the time the conduct occurred, Plaintiff believed that the conduct made his work environment hostile or abusive.

If you find that Plaintiff did not prove by a preponderance of the evidence each of the six things required of him, then you must find for Defendant Rosebud Farmstand.

If, on the other hand, Plaintiff has proved each of these things, you must go on to consider whether Defendant Rosebud Farmstand has proved two things by a preponderance of the evidence:

1.      Defendant Rosebud Farmstand exercised reasonable care to prevent and correct any harassing conduct in the workplace.

2.      Plaintiff unreasonably failed to take advantage of opportunities provided by Defendant Rosebud Farmstand to prevent or correct harassment, or otherwise avoid harm.

If you find that Defendant Rosebud Farmstand has proved these two things by a preponderance of the evidence, your verdict should be for Defendant Rosebud Farmstand. If you find that Defendant Rosebud Farmstand has not proved both of these things, your verdict should be for Plaintiff.

In either scenario, to decide whether a reasonable person would find Plaintiff's work environment hostile or abusive, you must look at all the circumstances. These circumstances may include the frequency of the conduct, its severity, its duration, whether it was physically threatening or humiliating, and whether it unreasonably interfered with Plaintiff's work performance. No single factor is required in order to find a work environment hostile or abusive.

Conduct that amounts only to ordinary socializing in the workplace, such as occasional horseplay, sexual flirtation, sporadic or occasional use of abusive language, gender related jokes, and occasional teasing, does not constitute an abusive or hostile environment. You should consider all the circumstances and the social context in which the conduct occurred. Only conduct amounting to a material change in the terms and conditions of employment amounts to an abusive or hostile environment.

With respect to his Section 1981 claim for racial harassment, Plaintiff Robert Smith claims that he was racially harassed at work. Different standards for employer liability apply depending on whether the alleged harasser was the victim's co-worker or supervisor.

To succeed on this claim based on the actions of Plaintiff's co-worker, Plaintiff must prove seven things by a preponderance of the evidence:

1.     Plaintiff was subjected to racial harassment;

2.     The conduct was unwelcome;

3.     The conduct occurred because of Plaintiff's race;

4.     The conduct was sufficiently severe or pervasive that a reasonable person in Plaintiff's position would find Plaintiff's work environment to be hostile or abusive;

5.     At the time the conduct occurred, Plaintiff believed that the conduct made his work environment hostile or abusive;

6.     Defendant Rosebud Farmstand knew or should have known about the conduct; and

7.     Defendant Rosebud Farmstand did not take reasonable steps to correct the situation or prevent harassment from recurring.

If you find that Plaintiff has proved by a preponderance of the evidence each of the things required of him, then you must find for Plaintiff. However, if Plaintiff did not prove by a preponderance of the evidence each of the things required of him, then you must find for Defendant Rosebud Farmstand.

To succeed on a claim against an employer based on the actions of a supervisor, Plaintiff must prove six things by a preponderance of the evidence:

1.     The individual in question was Plaintiff's supervisor. A supervisor is someone who can affect the conditions of Plaintiff's employment. By this I mean someone who has the power to hire, fire, demote, promote, transfer, or discipline Plaintiff.

2.     Plaintiff was subjected to racial harassment;

3.     The conduct was unwelcome;

4.     The conduct occurred because of Plaintiff's race;

5.     The conduct was sufficiently severe or pervasive that a reasonable person in Plaintiff's position would find Plaintiff's work environment to be hostile or abusive; and

6.     At the time the conduct occurred, Plaintiff believed that the conduct made his work environment hostile or abusive.

If you find that Plaintiff did not prove by a preponderance of the evidence each of the six things required of him, then you must find for Defendant Rosebud Farmstand.

If, on the other hand, Plaintiff has proved each of these things, you must go on to consider whether Defendant Rosebud Farmstand has proved two things by a preponderance of the evidence:

      1.     Defendant Rosebud Farmstand exercised reasonable care to prevent and correct any harassing conduct in the workplace.

      2.     Plaintiff unreasonably failed to take advantage of opportunities provided by Defendant Rosebud Farmstand to prevent or correct harassment, or otherwise avoid harm.

If you find that Defendant Rosebud Farmstand has proved these two things by a preponderance of the evidence, your verdict should be for Defendant Rosebud Farmstand. If you find that Defendant Rosebud Farmstand has not proved both of these things, your verdict should be for Plaintiff.

In either scenario, to decide whether a reasonable person would find Plaintiff's work environment hostile or abusive, you must look at all the circumstances. These circumstances may include the frequency of the conduct, its severity, its duration, whether it was physically threatening or humiliating, and whether it unreasonably interfered with Plaintiff's work performance. No single factor is required in order to find a work environment hostile or abusive.

Conduct that amounts only to ordinary socializing in the workplace, such as occasional horseplay, sexual flirtation, sporadic or occasional use of abusive language, gender related jokes, and occasional teasing, does not constitute an abusive or hostile environment. You should consider all the circumstances and the social context in which the conduct occurred. Only conduct amounting to a material change in the terms and conditions of employment amounts to an abusive or hostile environment.

Regarding Plaintiff Robert Smith's retaliation claim, Plaintiff claims that he was retaliated against by Defendant Rosebud Farmstand because Plaintiff complained about sexual harassment and race discrimination. To succeed on this claim, Plaintiff must prove by a preponderance of the evidence that Defendant retaliated against him because he filed a Complaint alleging sexual harassment and racial discrimination with the Illinois Department of Human Rights and the Equal Employment Opportunity Commission on January 7, 2008. To determine that Plaintiff was retaliated against because he filed a Complaint, you must decide that Defendant would not have subjected Plaintiff to any materially adverse employment actions if Plaintiff had not filed his Complaint but everything else had been the same.

Plaintiff Robert Smith can establish that he was subjected to a materially adverse employment action by showing that Defendant engaged in any action that would dissuade a reasonable employee from making or supporting a claim of discrimination.

In addition, Plaintiff Robert Smith can establish that he was subjected to a materially adverse employment action by showing that Defendant "constructively discharged" him for filing his Complaint. To succeed on this method, Plaintiff must prove by a preponderance of evidence that Defendant made Plaintiff's working conditions so intolerable after he filed his Complaint that a reasonable person in Plaintiff's position would have had to quit.

If you find that Plaintiff Robert Smith has proved retaliation by a preponderance of the evidence, then you must find for Plaintiff. However, if you find that Plaintiff did not prove retaliation by a preponderance of the evidence, then you must find for Defendant Rosebud Farmstand.

30

Regarding Plaintiff Robert Smith's Illinois Gender Violence Act claims against Defendant Carlos Castaneda and Defendant Roque Mendoza, Plaintiff Robert Smith claims that he was subjected to gender-related violence by each of Defendant Carlos Castaneda and Defendant Roque Mendoza. To succeed on this claim against either Defendant, Plaintiff must prove by a preponderance of the evidence that the Defendant engaged in "gender-related violence," which includes:

1.      One or more acts of violence or physical aggression satisfying the elements of battery committed, at least in part, on the basis of Plaintiff Robert Smith's sex, whether or not those acts have resulted in criminal charges, prosecution, or conviction;

2.      A physical intrusion or physical invasion of a sexual nature under coercive conditions satisfying the elements of battery, whether or not the act or acts resulted in criminal charges, prosecution, or conviction; or

3.      A threat of an act described in item (1) or (2) causing a realistic apprehension that the originator of the threat will commit the act.

A battery is committed by an individual if (a) he acts intending to cause a harmful or offensive contact with the person of the other or a third person, or an imminent apprehension of such a contact, and (b) a harmful contact with the person of the other directly or indirectly results.

Liability only can be imposed against a person or persons who perpetrated gender-related violence. "Perpetrated" means either personally committing the gender-related violence or personally encouraging or assisting the act or acts of gender-related violence.

Liability cannot be imposed for any gender-related violence occurring prior to December 23, 2004.

If you find that Plaintiff Robert Smith has proved any of his claims against Defendant Rosebud Farmstand, Defendant Carlos Castaneda, or Defendant Roque Mendoza, then you must determine what amount of damages, if any, Plaintiff is entitled to recover. Plaintiff must prove his damages by a preponderance of the evidence.

If you find that Plaintiff Robert Smith has failed to prove any of his claims, then you will not consider the question of damages.

You may award compensatory damages only for injuries that Plaintiff Robert Smith has proved by a preponderance of the evidence were caused by Defendants' wrongful conduct.

Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the physical and mental aspects of injury, even if they are not easy to measure.

In calculating damages, you should not consider the issue of lost wages and benefits. The court will calculate and determine any damages for past or future lost wages and benefits. You should consider the following types of compensatory damages, and no others:

1.      The physical and mental/emotional pain and suffering that Plaintiff Robert Smith has experienced. No evidence of the dollar value of physical or mental/emotional pain and suffering has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of pain and suffering. You are to determine an amount that will fairly compensate Plaintiff Robert Smith for the injury he has sustained.

If you find for Plaintiff Robert Smith, you may, but are not required to, assess punitive damages against Defendant Rosebud Farmstand, Defendant Carlos Castaneda, and/or Defendant Roque Mendoza. The purposes of punitive damages are to punish a defendant for his conduct and to serve as an example or warning to the defendant and others not to engage in similar conduct in the future.

Plaintiff Robert Smith must prove by a preponderance of the evidence that punitive damages should be assessed against Defendant Rosebud Farmstand, Defendant Carlos Castaneda, and/or Defendant Roque Mendoza. You may assess punitive damages only if you find that a Defendant's conduct was in reckless disregard of Plaintiff's rights. An action is in reckless disregard of Plaintiff's rights if taken with knowledge that it may violate the law.

Regarding Plaintiff Robert Smith's claims against Defendant Rosebud Farmstand, Plaintiff must prove by a preponderance of the evidence that Defendant Rosebud Farmstand's managerial employees acted within the scope of their employment and in reckless disregard of Plaintiff's right not to be discriminated and/or retaliated against. In determining whether an employee was a managerial employee of Defendant Rosebud Farmstand, you should consider the kind of authority Defendant gave the employee, the amount of discretion he or she had in carrying out his or her job duties, and the manner in which he or she carried them out. You should not, however, award Plaintiff punitive damages against Defendant Rosebud Farmstand if Defendant Rosebud Farmstand proves that it made a good faith effort to implement an anti-discrimination policy.

If you find that punitive damages are appropriate, then you must use sound reason in setting the amount of those damages. Punitive damages, if any, should be in an amount sufficient to fulfill the purposes that I have described to you, but should not reflect bias, prejudice, or sympathy toward either/any party. In determining the amount of any punitive damages, you should consider the following factors:

- the reprehensibility of Defendant's conduct;

- the impact of Defendant's conduct on Plaintiff;

- the relationship between Plaintiff and Defendant;

- the likelihood that Defendant would repeat the conduct if an award of punitive damages is not made;

- the relationship of any award of punitive damages to the amount of actual harm Plaintiff suffered.

34

Upon retiring to the jury room, you must select a presiding juror. The presiding juror will preside over your deliberations and will be your representative here in court.

A verdict form has been prepared for you.

Take this form to the jury room, and when you have reached a unanimous agreement on the verdict, your presiding juror will fill in and date the verdict form, and all of you will sign it.

I do not anticipate that you will need to communicate with me. If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror. The writing should be given to the marshal, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally.

If you send me a message, do not include the breakdown of any votes you may have conducted. In other words, do not tell me that you are split 4–4, or 6–2, or whatever your vote happens to be.

The verdict must represent the considered judgment of each juror. Your verdict, whether for or against the parties, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the facts.

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ROBERT SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 11-cv-9147 |
| | ) | |
| v. | ) | Judge Robert M. Dow, Jr. |
| | ) | |
| ROSEBUD FARMSTAND,  ROQUE | ) | |
| MENDOZA, and CARLOS CASTANEDA, | ) | |
| | ) | |
| Defendants. | ) | |

## VERDICT FORM

We, the jury, unanimously find as follows:

**SECTION I: LIABILITY**

**Claim 1 (Sexual Harassment – Title VII):**
As to Claim 1 (Sexual Harassment – Title VII), against Defendant Rosebud Farmstand, state your verdict by marking the appropriate line with an "X."

For Plaintiff Robert Smith            For Defendant Rosebud Farmstand

_____            _____

**Claim 2 (Racial Harassment – Section 1981):**
As to Claim 2 (Racial Harassment – Section 1981), against Defendant Rosebud Farmstand, state your verdict by marking the appropriate line with an "X."

For Plaintiff Robert Smith            For Defendant Rosebud Farmstand

_____            _____

**Claim 3 (Retaliation):**
As to Claim 3 (Retaliation), against Defendant Rosebud Farmstand, state your verdict by marking the appropriate line with an "X."

For Plaintiff Robert Smith            For Defendant Rosebud Farmstand

_____            _____

**Claim 4 (Illinois Gender Violence Act):**
As to Claim 4 (Illinois Gender Violence Act), against Defendants Carlos Castaneda and Roque Mendoza, state your verdict by marking the appropriate line with an "X."

As to Defendant Carlos Castaneda:

      For Plaintiff Robert Smith               For Defendant Carlos Castaneda

_____       _____

As to Defendant Roque Mendoza:

      For Plaintiff Robert Smith               For Defendant Roque Mendoza

_____       _____

## SECTION II: DAMAGES

### PART A

If you, the jury, find for Plaintiff Robert Smith and against **Defendant Rosebud Farmstand** on Plaintiff's **Claim 1** above, please answer the following question as you find appropriate under the facts and the law.

We, the jury, find that the amount of compensatory damages, if any, to which Plaintiff Robert Smith has proved he is entitled to on his claim is:

$_____

If you, the jury, find for Plaintiff Robert Smith and against **Defendant Rosebud Farmstand** on Plaintiff's **Claim 2** above, please answer the following question as you find appropriate under the facts and the law.

We, the jury, find that the amount of compensatory damages, if any, to which Plaintiff Robert Smith has proved he is entitled to on his claim is:

$_____

If you, the jury, find for Plaintiff Robert Smith and against **Defendant Rosebud Farmstand** on Plaintiff's **Claim 3** above, please answer the following question as you find appropriate under the facts and the law.

We, the jury, find that the amount of compensatory damages, if any, to which Plaintiff Robert Smith has proved he is entitled to on his claim is:

$_____

If you, the jury, find for Plaintiff Robert Smith and against **Defendant Carlos Castaneda** on **Claim 4** above, please answer the following question as you find appropriate under the facts and the law.

We, the jury, find that the amount of compensatory damages, if any, to which Plaintiff Robert Smith has proved he is entitled to on his claim is:

$_____

If you, the jury, find for Plaintiff Robert Smith and against **Defendant Roque Mendoza** on **Claim 4** above, please answer the following question as you find appropriate under the facts and the law.

We, the jury, find that the amount of compensatory damages, if any, to which Plaintiff Robert Smith has proved he is entitled to on his claim is:

$_____

## **PART B**

If you, the jury, found for Plaintiff Robert Smith and against **Defendant Rosebud Farmstand** on any of Plaintiff's **Claims 1 through 3** above, you may, but are not required to, award punitive damages against Defendant Rosebud Farmstand.

If you, the jury, found for Plaintiff Robert Smith and against **Defendant Carlos Castaneda** on **Claim 4** above, you may, but are not required to, award punitive damages against Defendant Carlos Castaneda.

If you, the jury, found for Plaintiff Robert Smith and against **Defendant Roque Mendoza** on **Claim 4** above, you may, but are not required to, award punitive damages against Defendant Roque Mendoza.

If you choose to award Plaintiff Robert Smith punitive damages, then place an "X" on the YES line and fill in the amount of punitive damages that you find under the facts and the law that the Defendant should be assessed. If you choose not to award Plaintiff Robert Smith punitive damages, then place an "X" on the NO line.

As to Defendant Rosebud Farmstand (**Claim 1**):

        NO      _____

        YES     _____   $_____

40

As to Defendant Rosebud Farmstand (**Claim 2**):

NO    _____

YES    _____    $_____

As to Defendant Rosebud Farmstand (**Claim 3**):

NO    _____

YES    _____    $_____

As to Defendant Carlos Castaneda (**Claim 4**):

NO    _____

YES    _____    $_____

As to Defendant Roque Mendoza (**Claim 4**):

NO    _____

YES    _____    $_____

**SECTION III: SIGNATURES**

Please sign and date below and return the entire Verdict Form to the Marshal (each juror must sign the form).

_____       _____

 Jury Foreperson

_____       _____

_____       _____

_____       _____

DATE: _____