IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT SMITH,                     )<br>                                                  )<br>          Plaintiff,                       )<br>                                                  )<br>     v.                                          )<br>                                                  )<br>                                                  )<br>ROSEBUD FARMSTAND, ROCKY MENDOZA, )<br>CARLOS CASTANEDA, et al         )<br>                                                  )<br>                                                  )<br>          Defendants.                  ) | Civil Action No.  11-CV-9147<br><br>Honorable Judge Robert M. Dow Jr.<br>Jury Demand |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO AMEND THE COURT'S FINDINGS OF FACT AND CONCLUSIONS OF LAW PURSUANT TO FRCP 52**

**Motion to strike**

Even though the jury found in the plaintiff's favor on 15 December 2015 and Judge Dow found in favor of the plaintiff regarding equitable damages on 9 September 2016, the defendants insist on continuing to fight tooth and nail, as they have since 2011 when this lawsuit was filed. Refusing to relent, even after the jury's 15 December 2015 verdict, the defendants insisted on filing lengthy, oversized briefs. By near the end of July 2016, over 100 pages had been filed in 2016.

After Judge Dow entered judgment for the plaintiff on 9 September 2016, the defendants filed yet another motion to file an oversized brief of 25 pages. Doc 303. Though ordinarily the plaintiff does not object to such motions, the plaintiff did object because, as stated, well over 100 pages had already been filed in 2016. Exh. II[1]. This Court granted the defendant's motion, allowing the defendants to file a posttrial motion of 25 pages.

However, the defendants violated Judge Dow's order. The defendant's FRCP 59 and remittitur posttrial motion is 25 pages. The defendant's motion to amend the court's findings is 8

---

1  The plaintiff refers to the same exhibits in the plaintiff's response to defendant's motion for a new trial or reduction of damages through remittitur

1

pages. Consequently, the defendants have filed posttrial motions of 33 pages--violating Judge Dow's order by 8 pages. Therefore, the plaintiff requests that this Court consider denying both of the defendant's posttrial motions.

**Defendants failed to meet the motion to reconsider standard**

Despite the defendant labeling its motion under FRCP 52, the motion falls under FRCP 59 (e). St. Mary Hospital vs. Heckler, 753 F. 2d 1362, 1365 (7th Cir. 1985). Rosebud admits that it must prove that Judge Dow made manifest errors of law or fact. Also, Rosebud admits that it could not relitigate the same issues. Indeed, this Court spent 2 days at a hearing on equitable damages. Also, prior to issuing its 9 September 2016 judgment, over 100 pages of briefs had been filed in 2016. Consequently, this Court and his staff spent substantial time deciding the issues.

This Court entered judgment for the plaintiff on 9 September 2016 regarding the Phase II hearing on equitable damages. Doc 292. Subsequently, on 16 September 2016, this Court corrected an oversight of not including the jury's verdict in the 9 September 2016 judgment. On 14 October 2016, Rosebud filed its motion contesting this Court's findings on Phase II. FRCP 52 (b) states, "on a party's motion filed no later than 28 days after the entry of judgment, the court may amend its findings…and may amend the judgment accordingly." As Rosebud argues that this Court created manifest errors in its Phase II findings on equitable damages, Rosebud had 28 days from 9 September 2016 to file a motion. However, Rosebud did not.

Even if Rosebud's posttrial motions were not late and filed beyond 28 days, arguendo, Rosebud must still prove that this Court created a manifest error. A manifest error of law means the "wholesale disregard, misapplication, or failure to recognize controlling precedent." Oto v. Metro. Life Ins. Co., 224 F.3d 601, 606 (7th Cir. 2000). It is improper to use a FRCP 59 (e) motion "to advance arguments or theories that could and should have been made before the

2

district court rendered a judgment." <u>Slgsworth v. City of Aurora</u>, 487 F.3d 506, 512 (7th Cir. 2007). Also, it is inappropriate to rehash previously rejected arguments. <u>Vesely v. Arms list</u>, 762 F.3d 66l, 666 (7th Cir. 2014).

Upon reviewing the defendant's posttrial motion, this Court might decide that the defendants rehash the same arguments as in the over 100 pages previously filed in 2016. Alternatively, this Court might decide that it did not commit a manifest error of law or fact. Indeed, Judge Dow might decide that his ruling was correct. Therefore, Judge Dow might decide to deny the defendant's motion.

In their argument that this Court created manifest errors, Rosebud, page 2, argues that the plaintiff "took the position that they had no initial burden of proof" and "offered no evidence beyond his own testimony". Rosebud fails to provide a fully developed argument of what it means by an "initial burden of proof". Consequently, Rosebud waived the argument. <u>Echo v. Timberland</u>, 661 F.3d 959, 967 (7th Cir. 2011). Similarly, Rosebud provides no citation that the plaintiff had to provide "evidence beyond his own testimony". Therefore, Rosebud waived the argument.

Repeatedly in Rosebud's motion for new trial and throughout their lengthy briefs in 2016, Rosebud has argued that the plaintiff must present evidence "beyond his own testimony." However, Rosebud failed to provide any citation. Rosebud continues with this argument in their current motion without any citation. Consequently, Rosebud waived the argument. Supra.

Regarding equitable damages, in the over 100 pages of briefs filed in 2016 before this Court's 9 September 2016 judgment, the plaintiff demonstrated how he met his minimal burden of presenting his equitable damages. Also, the plaintiff demonstrated with case law how and why Rosebud failed to meet its burden 1) to identify that a comparable job actually existed and that such employer would have hired the plaintiff had the plaintiff applied <u>and</u> 2) that the plaintiff did

3

not mitigate his damages. Coleman v. Lane, 949 F. Supp. 604, 608, 611 (N.D. Ill. 1996); Wheeler v. Snyder, 794 F.2d 1228, 1234 (7th Cir.1986). Rosebud had to prove prong #2 first. Woolridge v. Marlene, 875 F.2d 540, 548 (6th Cir. 1989) (unnecessary for plaintiff to present evidence of diligence until defendant has proved prong #2). The plaintiff presented case law demonstrating how Rosebud had to meet both requirements and that if Rosebud failed to meet one requirement, then Rosebud would have failed to meet their burden to establish their affirmative defense.

Moreover, the plaintiff presented case law in all of the 2016 briefing prior to the 9 September 2016 judgment that Rosebud's burden was high because courts focus on the primary mission of making whole victimized plaintiffs as it was Rosebud which chose to break the law repeatedly over many years. "Once plaintiff has established that her employment was terminated as a result of unlawful discrimination on the part of the employer, a presumption in favor of full relief arises". Gaddy v. Abex, 884 F.2d 312, 318 (7th Cir. 1989). Nevertheless, despite all of this, Rosebud filed their FRCP 59 motion rehashing the same arguments and failing to demonstrate with facts and case law how this Court and its staff created manifest errors of law.

Indeed, all that Rosebud argues, page 3, is that "in their proposed FOF and proposed COL…and their response to what Smith filed… demonstrated why and how Smith failed to carry his initial burden." Rosebud's alleged argument is conclusory. It is undeveloped. It provides no facts demonstrating how and why this Court made manifest errors. Also, it provides no case law. Therefore, Rosebud waived the argument. Supra. It would be patently unfair and prejudicial to the plaintiff if Rosebud attempted to correct their own manifest errors in their reply brief.

Regarding Dr. Cohen, Rosebud argues that it "disagree(s)" with this Court's decision to disregard Dr. Cohen's testimony. However, Rosebud fails to cite any case law that it can continue to spend thousands and thousands of dollars of its own attorney's fees and the attorney's fees of the plaintiff whose attorney is a sole practitioner--not to mention utilizing more and more judicial

4

resources--to file motions in which they "disagree" with this Court. In other words, Rosebud has provided no case law that they can base a motion upon disagreeing. Rather, the case law holds that they must demonstrate manifest errors. Supra. Merely disagreeing does not establish manifest errors.

Having said that, Rosebud, page 3, contests Judge Dow's decision that Rosebud provided "little to satisfy the second prong of their failure to mitigate defense by showing there was a reasonable chance Smith might have found comparable employment." Rosebud's alleged argument is undeveloped. Rosebud provided little to no facts for this alleged argument. Furthermore, Rosebud provided no case law. Consequently, Rosebud waived the argument. Supra.

Rehashing the same alleged argument as in the over 100 pages filed in 2016 prior to 9 September 2016, Rosebud argues, page 3, that in Phase II the plaintiff was not truthful and credible. However, once again, Rosebud failed to meet its burden to demonstrate that this Court made manifest errors of law as opposed to Rosebud simply relitigating the same conclusory arguments. Rosebud even refers to pages 4-7 of their posttrial motion for new trial. On page 7 of such motion, Rosebud cites <u>ABF v. NLRB</u>, 510 U.S. 317, 325 (1994). In <u>ABF</u>, the employer argued non-truthfulness and that such should be considered. However, the United States Supreme Court transcended all of the issues and focused on the main issue. The Supreme Court noted that the NLRB had a "primary mission" and that the NLRB should focus on the "primary mission". Instead, the employer wanted to divert the NLRB's "attention from the primary mission and devote unnecessary time and energy to resolving collateral disputes about credibility." Id. As the employer in <u>ABF</u>, Rosebud/employer also attempts to divert this Court's "attention from the primary mission and devote unnecessary time and energy to resolving collateral disputes about credibility". Like the Supreme Court, this Court might decide to reject Rosebud's attempts.

5

On page 4, 5, Rosebud argues that the plaintiff was not truthful "on every application he completed" and that the plaintiff spending hours daily to find a job were not credible, but Rosebud fails to cite any facts for this conclusory statement. Nor, does it cite any evidence. Moreover, Rosebud cites no case law for its conclusory statement which according to its own Supreme Court citation of ABF is Rosebud's attempt to divert attention from the real issues and to collateral issues. Supra. Notably, despite Rosebud's argument, the plaintiff did indicate on some job applications that he had a conviction. Therefore, Rosebud's argument is false. Regarding the applications on which he did not mention the conviction, the plaintiff testified that when prospective employers provided an interview, he would disclose the conviction. Arguably, the plaintiff not mentioning his conviction on job applications increased the probability of getting employed. Such increased probability benefited Rosebud in the plaintiff's attempts to mitigate damages.

On page 4, once again rehashing and failing to meet its burden that this Court made a manifest error, Rosebud argues that the plaintiff was employed with Rosebud for about 5 years and that this "supports an inference he had a reasonable chance of being employable." As mentioned numerous times during the many years of this lawsuit, Rosebud repeatedly has made arguments without evidence based on speculation. Rosebud provided no evidence of any potential employer that would have hired the plaintiff. Notably, prior to the plaintiff being employed with Rosebud, the plaintiff had difficulty acquiring a steady, permanent full-time job. The plaintiff testified that upon obtaining the Rosebud job, a full-time job, he felt proud, accomplished. Trial tr. 3A 502-503, 507, Exh. XV; Trial tr. 3B, 617, Exh. XVI.

Unfortunately, Rosebud's work environment for those 5 years was abusive with sexual and racial harassment and retaliation. However, the plaintiff had to endure such abuse as he needed a full-time, steady job. As the plaintiff testified, in June 2008, Rosebud's work

environment reached the point that the plaintiff no longer could live with the fear that Rosebud would hurt him physically. Therefore, Rosebud had constructively discharged the plaintiff. Thereafter, the plaintiff has been unable to find a full-time, steady, permanent job. Rosebud must take the plaintiff as he is, i.e., having difficulty before the Rosebud employment and after finding a full-time job.

Had Rosebud chosen not to break the law every day for about 5 years, the plaintiff testified that he would still have been working at Rosebud at the time of the April 2016 Phase II hearing. Only Rosebud has itself to blame. Yet, it continues to file motions based upon speculation, requiring the plaintiff's attorney to have to spend substantial time responding to them, instead of the plaintiff's attorney utilizing such time to earn a living to pay his own bills.

On page 5, Rosebud argues that the plaintiff "did not provide competent evidence" from the Illinois Department of Employment Security "relating to the funds he received." First, the plaintiff's own testimony is "competent evidence". Secondly, even if Rosebud's argument were not false, arguendo, Rosebud fails to demonstrate how this Court created a manifest error of law or fact.

Implicitly, Rosebud fails to acknowledge that it bore the burden of proof on its affirmative defense and that such burden is "heavy" because the court's primary mission is to make victimized plaintiffs whole as it was Rosebud itself that chose to break the law daily for years. Atlantic v. NLRB, 243 F.3d 711,721 (3 rd Cir. 2001) ("heavy" burden); Gracia v. Sigmatron, #15-3311 (11/29/16) (Court of Appeals acknowledges that defendant refuses to accept its burden of presenting the facts most favorable to the plaintiff).

Rosebud did not obtain any evidence from the Illinois Department of Employment Security. Rosebud never took the deposition or subpoenaed the records, though Rosebud has known during the many years of this lawsuit that it carried a "heavy burden" on its affirmative

7

defense. NLRB v. Westin, 758 F. 2d 1126, 1130 (6th Cir.1985) ("Westin seeks… to place the burden on the employee to prove a 'systematic method of searching for a job', and…to retain employment once secured regardless of the conditions. …To the contrary, basic principles of equity and fairness mandate that the burden of proof must remain on the employer because the employer's illegal discharge of the employee precipitated the search for another job.")

  Third, the plaintiff testified about the several attempts he made to acquire documents from the Illinois Department of Employment Security, but to no avail. He also provided an affidavit of the attempts he made, the people with whom he spoke, what they said and so forth. The plaintiff's affidavit is undisputed, and thus, must be accepted as true.

  Next, on page 5, Rosebud whines that "this Court ignores…the impact of how Smith completed" the job applications. Rosebud has no evidence that this Court "ignore(d)" anything. Also, Rosebud provides no developed argument or case law relating to its term, "impact." Therefore, Rosebud waived the argument. Rosebud's "impact" argument conveys speculation, though Rosebud bore its heavy burden for its affirmative defense. Nevertheless, what is important is that Rosebud failed to demonstrate that this Court committed a manifest error of law or fact.

  On page 6, Rosebud complains that "the court misstates the facts regarding how Smith got to work for the Washington inventory position" and so forth. Once again, Rosebud provides only conclusory statements without any facts demonstrating that this Court created a manifest error of fact or law. Also, Rosebud provides the underdeveloped arguments without facts or case law that the plaintiff provided no records to substantiate his trial testimony that his car was regularly inoperable, that "there is no evidence to support his aunt's generosity" (presumably aside from the plaintiff's trial testimony) and so forth. Rosebud's arguments demonstrate that it continually refuses to acknowledge that it, not the plaintiff, bore the "heavy burden to prove its

8

affirmative defense by obtaining whatever records or depositions that it wanted, but chose not to pursue.

Next, on page 6, Rosebud argues that the plaintiff was not truthful "on every application", but provides no evidence. Indeed, the evidence demonstrated that the plaintiff did disclose the conviction on some job applications. Also, as stated, regarding those applications on which the plaintiff did not disclose the conviction, when prospective employers would provide an interview to the plaintiff, the plaintiff disclosed the conviction. As Rosebud does throughout its motion, Rosebud implicitly threatens this Court by implying that it will appeal to the Court of Appeals. "The appellate court should have the complete record." Respectfully, Rosebud's statement is baseless because all of the information to which Rosebud refers is already in the record. Therefore, a complete record exists.

On page 6, Rosebud argues that the plaintiff "offered no evidence that he quit his job at Labor Ready because he enrolled in college." First, Rosebud's argument is false. The plaintiff offered evidence by his own trial testimony. Secondly, pursuant to Rosebud's pattern, Rosebud attempts to shift the burden to the plaintiff on it's affirmative defense. Rosebud bears the "heavy" burden on its own affirmative defense. Fourth, and more important, Rosebud fails to even come close to meeting its burden of establishing that Judge Dow committed a manifest error of law or fact. Instead, Rosebud rehashes the same conclusory arguments and again provides no evidence, just speculation as Rosebud did in the lengthy briefs filed in 2016 prior to the 9 September 2016 judgment.

On page 7, Rosebud re-litigates their same argument that the plaintiff's testimony about when he would move to Arizona was not consistent, but Rosebud fails to meet their burden to demonstrate that this Court committed a manifest error of fact or law. Some may surmise that Rosebud knew when drafting its motion that its motion failed to meet their burden. For this

reason, Rosebud provides the pretext that they filed their motion to "correct" the "appellate record." With all due respect, Rosebud's argument is ridiculous. Rosebud's argument is already in the "appellate record" in several places. Therefore, nothing needs correcting.

Nevertheless, Rosebud argues that the plaintiff stated in phase II that he talked to his family about moving to Arizona before he left Rosebud. Then, Rosebud argues that in phase I the plaintiff stated that he testified that he first discovered about moving to Arizona in July 2008. Finally, Rosebud argues that this testimony is not consistent. However, it is.

Rosebud's question about whether the plaintiff talked to his family about moving to Arizona before he left Rosebud was open ended with no timeframe. The plaintiff could have talked to his family about moving to Arizona 2 years before he moved, 5 years before he moved, 10 years before he moved and so forth--all of which would have been "before he left Rosebud."

Also, talking about moving is not the same thing as "going to be moving." The plaintiff's testimony to which Rosebud referred relates to when the plaintiff actually discovered that he would be moving to Arizona. Indeed, Rosebud refers to trial transcript I, 6B, 1375, 1376. On such pages, the following occurred:

> Q. Sir, you have heard this testimony of these employees saying they don't understand English and allegedly hearing you had a conversation with the customer while you worked at Rosebud that you were moving to Arizona. Did you hear that testimony?
>
> A. Yes, I did, Mr. Longo.
>
> Q. When did you first find out that you were going to be moving to Arizona?
>
> A. That was like around the first week of July.
>
> Q. July of what year?
>
> A. 2008.
>
> Q. And how is it that you found out that you were going to be moving to Arizona?

10

A. Well, my aunt called from Arizona, actually. She is like a second mom. She's a nice lady, you know. She heard about the situation and, you know, and called me about it.

Q. And in July 2008, were you working at Rosebud?

A. No, no, I wasn't.

Trial transcript, 6B, 1375:20-25; 1376:1-12. Notably, immediately thereafter, this Court asked the defendants if they wanted to cross-examine the plaintiff on this point:

The court: any cross?

Ms. Hirsch: no cross.

The court: okay. Mr. Smith, thank you again. Please step down.

Trial transcript I, 1376:19-22. Rosebud had every opportunity to cross-examine the plaintiff on this point, but refused. This is true though their own employee testified on the one hand that he did not understand English and yet on the other hand that he heard, allegedly, the plaintiff converse with a customer that he considered the idea of moving to Arizona. The plaintiff denied that such ever occurred. In any event, Rosebud failed to meet their burden that this Court made a manifest error of fact or law.

Wherefore, the plaintiff prays that the Honorable Judge Dow will deny Rosebud's motion.

Respectfully submitted,

_____
Joseph A. Longo

**LONGO AND ASSOCIATES LTD.**
Joseph A. Longo, Esq.
Attorney for Plaintiff
2100 West Haven
Mt. Prospect, IL 60056
(847) 640-9490
Longo-Associates@SBCglobal.net
Attorney No. 53635

11

## CERTIFICATE OF SERVICE

I, Joseph A. Longo, an attorney, certify that I served this PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO AMEND THE COURT'S FINDINGS OF FACT AND CONCLUSIONS OF LAW PURSUANT TO FRCP 52 by electronic filing on 1 December 2016 after 5pm. Under penalties as provided by law pursuant to 735 ILCS, Sec 5/1-109, I certify that the statements set forth in this Certificate of Service are true and correct.

_____
Joseph A. Longo