IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ROBERT SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 11-CV-9147 |
| | ) | |
| | ) | |
| ROSEBUD FARM, INC., DBA, ROSEBUD | ) | |
| FARMSTAND, ROCKY MENDOZA, | ) | |
| CARLOS CASTANEDA, PABLO VELASCO, | ) | |
| ORLANDO ALARCON, LUIS ARAMBULA, | ) | |
| MARCOS ROMERO, FREDERICO LOPEZ | ) | |
| JOSÉ G MARTINEZ | ) | Honorable Judge Robert M. Dow Jr. |
| | ) | |
| | ) | Jury Demand |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S MOTION FOR TURNOVER ORDER RELATING TO KINGDOM FARMS MEATS**

Though Rosebud Farms has filed several documents, Rosebud has never revealed explicitly that beginning in or about March 2017, it leased some of its property to Kingdom Farms Meats. Nevertheless, the plaintiff discovered this lease and served a citation to discover assets against third parties to Kingdom Farms Meats. Apparently, under such lease, Rosebud has received $5000 monthly. Also, Kingdom Farms must pay expenses for which Rosebud is liable, such as, real estate taxes.

Kingdom Farms needs a turnover order before they can transfer assets in which Rosebud has an interest to the plaintiff. The plaintiff has made several attempts to acquire an agreed turnover order from Rosebud, but to no avail. Rosebud insists that the agreed order be limited to the $5000 monthly rent. Rosebud provided no authority for its attempt to restrict Illinois law.

1

The plaintiff has responded to Rosebud that Rosebud's attempt to limit the agreed order would be Rosebud's attempt to restrict Illinois law. Indeed, Rosebud attempts to violate Illinois law. Illinois law, 735 ILCS 5/2-1402, proclaimed in the citation to discover assets to third parties, provides that Kingdom Farms must turn over all property in which Rosebud has an interest. Nevertheless, Rosebud continues to resist. Essentially, the plaintiff has repeatedly informed Rosebud that if Rosebud will not agree to abide by Illinois law, then the plaintiff will have no choice but to continue to incur attorney's fees. Rosebud must pay for all attorney's fees.

This Court expressed an interest to administer equity. Equity is "a branch of law…concerned with fairness and justice." https://en.oxforddictionaries.com/definition/equity. Some may say that as St. Thomas Aquinas defines law as that which is for the common good, to administer fairness and justice, one must be concerned with the common good. Questions arise. What must be done for the common good? To whom should the scale of fairness and justice be tipped, the defendants or plaintiff?

At this stage of the litigation, the plaintiff has already proved his allegations. Fulfilling their civic duty and surrendering their life's commitments for the approximately one one-half weeks of the trial, the jury decided that the plaintiff was truthful and that the defendants lied. Indeed, the jury found that punitive damages were warranted against the defendants for acting intentionally with malice. Therefore, our system of justice has long proclaimed that the common good is served by courts enforcing the jury's decision and ensuring that Rosebud pays the judgment. Something less on a large scale could incite anarchy.

As equity involves justice and fairness, what is the criteria to determine what is fair and just? The answer is found in the laws which the defendants chose to violate repeatedly and intentionally. These laws, based upon constitutional rights, prohibited the defendants from

calling the plaintiff a nigger and so forth, grabbing and touching his penis, buttocks and testicles and retaliating against him. These laws declare, as decided by the jury, that what the defendants did repeatedly, week after week, year after year, was unfair and unjust.

Consequently, some may say that the criteria for equity commands that the Court do what is just and fair, that is, protect our system of justice by ensuring Rosebud does not treat the jury's verdict and this Court's judgment as pieces of worthless paper that Rosebud laughingly can throw confidently in the garbage. The criteria further involves enforcing Illinois law that provides strong remedies to ensure that judgment debtors (i.e., Rosebud) do not attempt to escape from their liability as determined by the jury.

In short, when determining how to administer equity, the scale must tip and all favorable inferences must be given to the plaintiff. Also, when determining how to administer equity, all favorable inferences must be given to the plaintiff's attorney who has taken the risk since 2011 of working on this case, essentially for free thus far, acting as a private attorney general, benefiting society as a whole, nervously knowing that he may never be paid for all of his substantial work.

Wherefore, the plaintiff prays that His Honor will enter a turnover order, so that Kingdom Farms Meats can turn over all funds, property or assets of any kind in which Rosebud has and will continue to have an interest, including, but not limited to, all amounts which Kingdom Farms must pay on Rosebud's behalf.

Respectfully submitted,

/s/ Joseph Anthony Longo

_____
Joseph Anthony Longo

**J.M.J.**
**LONGO AND ASSOCIATES LTD.**

Joseph Anthony Longo
Attorney for Plaintiff
2100 West Haven
Mt. Prospect, IL   60056
(847) 640-9497
Longo-Associates@SBCglobal.net
Attorney No. 53635

## CERTIFICATE OF SERVICE

I, Joseph Anthony Longo, an attorney, certify that I served this PLAINTIFF'S MOTION FOR TURNOVER ORDER RELATING TO KINGDOM FARMS MEATS  by electronic filing on 2 November 2017 after 5pm. Under penalties as provided by law pursuant to 735 ILCS, Sec 5/1-109, I certify that the statements set forth in this Certificate of Service are true and correct.

_____
Joseph Anthony Longo